This is an appeal by the plaintiff, Robert Muncaster, from an order denying injunctive relief against the Alabama State Ethics Commission. We affirm.
The facts are uncontroverted.
On July 5, 1978 plaintiff Muncaster filed with the Democratic Party's state headquarters his qualifying papers for that Party's nomination for governor. Since its inception in 1974 the Alabama State Ethics Commission (Commission) has required candidates in primary elections to file statements of economic interests within ten days of qualifying. Muncaster filed the required forms under protest and instituted the present action for injunctive relief praying in part that the material be returned to him. His two contentions before the trial court were that the disclosure requirements did not apply to candidates for their Party's nomination, and if it did then the statute was unconstitutional because it denied Muncaster equal protection under the Fourteenth Amendment, United StatesConstitution. After a hearing the trial court granted the defendant's motion for summary judgment. Muncaster appeals.
Where there is no issue of fact involved the only question on appeal from the grant of summary judgment is whether summary judgment was proper as a matter of law. Mason v. ConnecticutGeneral Life Ins. Co., Ala., 367 So.2d 1374 (1979). We hold that it was.
Code of Alabama 1975, § 36-25-15 requires in pertinent part that
 (a) Within 10 days after he becomes a candidate for state office, each candidate shall file a statement of economic interests [under Code of Ala. 1975, § 36-25-14] as prescribed by the commission and in keeping with this chapter at the office of the state ethics commission.
. . . . .
 (d) Other provisions of the law notwithstanding, if a candidate for elective public office does not submit a statement of economic interests in accordance with the requirements of this chapter within 10 days after he becomes a candidate, his name shall not appear on the ballot . . . [emphasis added]
Muncaster contends that he was not a candidate for state office when he was required to comply with the above provision. He bottoms this contention upon the theory that a candidate for a Party nomination, which he admittedly was, does not become a candidate for state or elective public office until he has won that nomination, which he admittedly did not. This contention is without merit. Code of Ala. 1975, § 36-25-15 applied to Muncaster even though he did not win his Party's nomination for governor. The general definition of "candidate for public office" found within the Act at § 36-25-1 (3) is:
 Any person who has filed a declaration of candidacy
or a petition to appear on the ballot for election as a public official, and any person who has been nominated for appointment to serve as a public official. [emphasis added]
Muncaster was required to file a "declaration of candidacy" by Code of Ala. 1975, § 17-16-11 when he became a candidate for his Party's nomination. Hence, under the plain wording of these statutes and construed pari materia, when Muncaster filed his declaration of candidacy with the state Party chairman and thus qualified for the Democratic gubernatorial nomination, he became a "candidate for public office" under the provisions of the Alabama Ethics Law.
A "candidate for state office" under § 36-25-15 (a) and a "candidate for elective public office" under § 36-25-15 (d) are encompassed within that broad definition. Therefore Muncaster's filing of his declaration of candidacy triggered the necessity for his compliance with the Alabama Ethics Law, and in particular § 36-25-15 (a).
Muncaster's contention that the applicability of the Ethics Law to candidates for Party nomination denies his equal protection under the law is also untenable. The Fourteenth Amendment, U.S. Constitution forbids unequal protection of the laws. *Page 855 
In cases such as this where no suspect classification or fundamental right is involved, all that is required is that the classification of persons similarly situated be at least rationally related to the legitimate legislative purpose. In this instance the State of Alabama has a legitimate interest in seeing that its elected officials do not have conflicts between their private interests and their official duties. Section36-25-2. To secure this end the legislature has determined that candidates for state elective office should publicly disclose their private interests within ten days after becoming candidates. Section 36-25-15 (a). The legislature has determined that persons become candidates under the Act at administratively ascertainable points of entry into the election process. That is when one has "filed a declaration of candidacy or a petition to appear . . . ." [emphasis added] We hold that the classification in question is reasonable and rationally related to the legitimate, stated object. As such the statute is constitutional under the Fourteenth Amendment.
Summary judgment having been correct as a matter of law the judgment is due to be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.