On December 5, 1980, the Etowah Grand Jury indicted appellant. The indictment was in two counts: Count I, theft of property in the second degree, and Count II, violation of36-25-5 (a), Code of Alabama 1975, the Alabama Ethics Act.
Appellant's trial began on March 30, 1981. At the close of the trial, the trial court instructed the State to elect between the two separate offenses with which appellant was charged in the indictment. The State elected to proceed under Count II of the indictment, violation of the Ethics Act.
The jury returned a verdict of guilty on April 1, 1981 and the trial court fined appellant five thousand ($5,000) dollars on April 28, 1981.
The record shows that appellant, in late April, 1980, while Mayor of Glencoe, Alabama, bought lumber to build a fence around his private swimming pool and charged the lumber to the City of Glencoe. Appellant had City employees pick up the lumber in a City truck and deliver the lumber to his home.
The City Clerk received invoices for the lumber, and the invoices were presented to the City Council for approval. While the City Council discussed payment of the invoices, the appellant, attending the meeting as Mayor, told the Council that the lumber was for a concession stand to be built in a City park.
The invoices remained on the appellant's desk for two months at which time he returned them to the City Clerk, instructing her to write a check from the City for the lumber since the Council had approved the invoices. While the invoices were in his possession for two months, appellant had apparently altered the invoices by adding this to the words:
"Concession
Girl's Field in field."
Around four months after the original purchase, and after he had instructed the City Clerk to pay for the lumber, appellant requested that the lumber company write him a receipt indicating that he had personally paid for the lumber. He told the lumber company that he had paid the City back for the lumber, when in fact he had not done so. The receipt was backdated to around the time of the original purchase.
In October, 1980, appellant called a State investigator (who was working on the case after a former councilman had tipped the State), and asked to meet with him. The next day the investigator took down a statement in which appellant admitted taking the lumber for his personal use and charging the lumber to the City of Glencoe. Just prior to the meeting, some six months after the original purchase, appellant reimbursed the City for the purchase price of the lumber. The lumber was used by appellant to build a fence around his swimming pool. *Page 1186 
Appellant argues that the State improperly charged and prosecuted appellant under the Alabama Ethics Act, when in fact the State presented a prima facie case of theft only. Appellant was prosecuted under § 36-25-5 (a) which states that "no public official or employee shall use an official position or office to obtain direct personal financial gain for himself, or his family, or any business with which he or a member of his family is associated unless such use and gain are specifically authorized by law."
Appellant maintains that the legislature, in passing the Ethics Act, did not intend that acts such as appellant committed be governed by the Act. Appellant emphasizes portions of the Act that state its purpose is to prevent conflicts of interests between a public official's duties of office and his private interests. See § 36-25-2, Code of Alabama, 1975. Appellant argues that there was no conflict of interests and that the Act was not intended to apply to the facts presented in this case.
We do not agree.
Appellant correctly states that the Ethics Act itself, in §36-25-2, enunciates the legislative intent behind the statute. It is also true that the words "conflicts of interest" are found in this section. However, from a reading of the introductory sentence and the section as a whole, it is clear that the legislature intended the Act to prohibit the actions and conduct of appellant as shown by the facts in this case.
The broad introductory sentence of the legislative intent section reads: "It is essential to the proper operation of democratic government that public officials be independent and impartial; that government decisions and policy be made in the proper channels of the government structure; that public officenot be used for private gain other than remuneration providedby law; and that there be public confidence in the integrity of government." (Emphasis added.)
The tenor of the section read as a whole is that the legislature passed the act to prevent public officials from using their offices to reap private gains. The "conflicts of interests" referred to in the section are conflicts between an official's private interests and his official duties. Muncasterv. Alabama State Ethics Commission, Ala., 372 So.2d 853, 855
(1979); Stephens, William T., Alabama Ethics Cases, 10 Cumberland Law Review 317, 319. Appellant's acts constituted a flagrant abuse of the public trust reposed in him and this is precisely the reason the legislature enacted the Ethics law. Appellant's acts also constitute a "conflict of interest" under the statute in that his private interests in obtaining free lumber for his personal use conflicted with his public duties as Mayor to see that the taxpayers' money was properly spent.
Appellant, while Mayor of Glencoe, bought lumber for his personal use, had the invoice doctored, and instructed the City Clerk to pay for the purchase. Appellant also, in his capacity as Mayor, pursuaded the City Council to approve the City's payment of the purchase by falsely telling them that the lumber was to be used in building a concession stand in a public park. In other words, appellant abused his mayoral duty of properly administering City government funds in spending them for his own private gain and benefit.
In doing so, appellant committed acts that the legislature clearly intended the Ethics Act to prohibit, and his acts constituted a clear violation of § 36-25-5 (a) as charged in the indictment.
The fact that the State also proved a prima facie case of theft but elected to prosecute under the Ethics Act presents no problem. This court has held that the legislature may create two or more criminal offenses that may be committed by a single act. The state in this situation may elect to prosecute under either offense. Coleman v. State, 276 So.2d 589, 290 Ala. 346
(1973).
Appellant also asserts that the State could not prosecute appellant because the State did not prove that the private citizen who initially reported the violation to the State investigators had first filed a complaint to the Ethics Commission under *Page 1187 
§ 36-25-24. Appellant contends that the State's failure to introduce such evidence at trial was a fatal absence of the necessary burden of proof. Appellant also argues that the Ethics Commission should have first heard the complaint in order to determine if appellant's acts had constituted an Ethics violation.
Section 36-25-24 reads: "Any citizen wishing to file a complaint against any public official or employee covered by this chapter shall initially file said complaint with the commission. If the commission does not take proper action within 45 days, then the said citizen may file the said complaint with the attorney general or other officers authorized to enforce this chapter."
This court has previously addressed the issue of whether an Ethics Commission hearing is a condition precedent to actual prosecution of the case by the State. Allen v. State,380 So.2d 313 (Ala.Cr.App.), cert. denied, Ex parte Allen, 380 So.2d 341
(Ala. 1980). Although the court was not deciding the specific issue of a private citizen complaint under the Ethics Act, the reasoning of the court in Allen applies in the instant case. The court, in holding that the lack of a pre-trial ethics committee hearing did not violate defendant's due process rights, stated that:
"Section 36-25-27, reads in pertinent part:
 "`(b) All prosecutions for violations of the provisions of this chapter shall be initiated and prosecuted by the attorney general of the state or by the district attorney having jurisdiction of the offense.' [Emphasis added.]
 "This provision of Act 130, as codified in the Code of Alabama 1975, specifically directs that prosecution for violations of Chapter 25, the code of ethics for public officials and employees, is to be initiated and prosecuted by the district attorney. Although the `ethics commission' established under this Act has the authority to investigate and to report suspected violations to the appropriate law enforcement authorities, nowhere is it mandated that the commission has any authority to prosecute. Affording the appellant in the present case a hearing before the commission would not have prevented the district attorney or the attorney general of Alabama from prosecuting a violation of this Act. It was for the district attorney or the attorney general to determine whether a prosecution was to be initiated."
(Emphasis added.)
Only the district attorney, after reviewing evidence, regardless of the source, may decide to prosecute or not. As stated in Allen, this decision to prosecute is unrelated to whether a pre-trial Ethics Commission hearing was held or not.
We have carefully searched the record for errors and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.