Paul Kirkland was indicted in two counts by the Mobile County Grand Jury in 1984. The first count of the indictment charged this appellant with a violation of the "Alabama Ethics Act," specifically § 36-25-7(a), Code of Alabama 1975. The second count charged the appellant with theft in the first degree in violation of § 13A-8-3, Code of Alabama 1975.
In November of 1985, the appellant stood trial on these two charges. During the course of the trial, the trial judge granted the appellant's motion for judgment of acquittal on the theft charge and dismissed this count of the indictment. The jury was unable to reach a verdict on the ethics violation charge and a mistrial was then declared.
In January of 1987, the State and the appellant agreed to a bench trial on the ethics violation charge based upon the pleadings in this case and the record of the first trial. Further, both parties were allowed to make a proffer of evidence which they expected would have been shown if a full trial had been conducted. At the conclusion of this proceeding, the trial judge found the appellant "guilty as charged in the indictment," and sentenced this appellant to one year and one day in the State penitentiary. Upon the submission of the appellant's application for probation, the trial judge placed this appellant on one year's probation.
The basic facts of this cause are as follows: In December of 1982, one Johnny Sanders was doing business through a corporate entity known as Resource Consultants, Inc. Sanders and his company had a contract with Mobile Oil to dispose of drilling waste from Mobile Bay. In order to fulfill this contract, Resource Consultants, Inc. was required to obtain all federal, state and county permits which were necessary under the contract.
To this end, Sanders submitted an application for a certificate of need and a waste disposal permit to the Mobile County Solid Waste Board in early January of 1983. The following July, Sanders went to his banker, Joe Lomax, and told him he had not yet obtained the waste disposal permit. Lomax suggested to Sanders that Paul Kirkland, the appellant in this case, might be able to assist Sanders in obtaining the waste disposal permit. The appellant at this time was employed as the Director of the Investigation and Recovery Division for the Mobile County Circuit Court
Sanders and the appellant met and drew up a "Master Work Agreement" whereby Resource Consultants would pay this appellant, doing business as Coastal Environmental Systems, for his assistance in obtaining the waste disposal permit for Sanders and this company.
The appellant took the "Master Work Agreement" to his attorney, John Grow. After Grow reviewed this agreement in light of the Alabama Ethics Act and the relevant case law, he advised the appellant that neither the terms of the agreement nor the appellant's actions under the terms of the agreement would violate the Alabama Ethics Act or any other law. The "Master Work Agreement" was then executed by Sanders and the appellant.
On August 22, 1983, Sanders's company, Resource Consultants, Inc., obtained the waste disposal permit from the Mobile County Commission. The appellant, through his company, Coastal Environmental Systems, was paid approximately $100,000 for his advice and assistance in obtaining the waste disposal permit for Sanders.
The appellant filed a disclosure statement and disclosed these interests in his disclosure statement. The State concedes in this record that there was no conflict of interest between the appellant's public duties as Director of Investigation and Recovery and his private interests in assisting Sanders in obtaining the waste disposal permit and receiving the compensation therefor. *Page 1038 
 I
The appellant contends that a required element of §36-25-7(a) is a conflict of interest between the duties of a public official or employee and his private interest. Since the State concedes that there was no such conflict of interest in this case, the appellant argues that his motion for judgment of acquittal should have been granted.
The appellant was charged under § 36-25-7(a), Code of Alabama 1975. This section provides that:
 "No public official or employee or his family shall solicit or receive any money in addition to that received by the official or employee in his official capacity for advice or assistance on matters concerning the legislature, an executive department or any public regulatory board, commission or other body." Ala. Code, § 36-25-7(a) (1975).
The fundamental guide in reviewing statutory construction is to ascertain and effectuate the intent of the legislature as expressed in the statute. Honeycutt v. Employees' RetirementSystem of Alabama, 431 So.2d 961 (Ala. 1983); City of Birminghamv. City of Fairfield, 375 So.2d 438 (Ala. 1979); Lewis v. Hitt,370 So.2d 1369 (Ala. 1979); Adams v. Mathis, 350 So.2d 381
(Ala. 1977); League of Women Voters v. Renfro, 292 Ala. 128,290 So.2d 167 (1974).
From a literal reading of § 36-25-7(a), it does not appear that a conflict of interest between the public employee's position and his private interest is required. However, a literal construction of a statute cannot be permitted to defeat the spirit and intention of the legislative act. Lee OpticalCo. v. State Board of Optometry, 288 Ala. 338, 261 So.2d 17
(1972); Bell v. Pritchard, 273 Ala. 289, 139 So.2d 596 (1962);Ex parte Wilson, 269 Ala. 263, 112 So.2d 443 (1959). "Statutory construction requires that the letter of the statute yield to the true meaning and intent of the lawmakers." League of WomenVoters, 292 Ala. at 131, 290 So.2d 167 (citation omitted). Thus, "[a]ll rules for construing statutes must be regarded as subservient to the end of determining the legislative intent."State Ex Rel. Moore v. Strickland, 289 Ala. 488, 493,268 So.2d 766 (1972).
When ascertaining legislative intent, statutes which are in pari materia, i.e., deal with the same subject matter, must be interpreted as a whole in light of the general purpose of the statute. Gulf Coast Media, Inc. v. Mobile Press Register, Inc.,470 So.2d 1211 (Ala. 1985); Florence v. Williams, 439 So.2d 83
(Ala. 1983); Strickland; Wilson; Smith v. Alabama MedicaidAgency, 461 So.2d 817 (Ala.Civ.App. 1984). In fact, § 36-25-30
Code of Alabama 1975 explicitly states that, "[t]his chapter shall be construed in pari materia with other laws dealing with the subject matter hereof, and repeals all laws and parts of laws in conflict herewith."
Thus, this court must examine the entire statute (i.e., Chapter 25 of Section 36 which deals with the Code of Ethics for Public Officials and Employees) to determine the legislative intent behind the enactment of § 36-25-7(a).
When determining legislative intent from an examination of a statute as a whole, the reason and necessity for the statute, as well as the public purpose sought to be obtained, must be considered by the reviewing court. Ex parte Holladay,466 So.2d 956 (Ala. 1985); McWhorter v. State Board of Registration,359 So.2d 769 (Ala. 1978); Batey v. Jefferson County Board ofHealth, 486 So.2d 439 (Ala.Civ.App. 1986).
Section 36-25-2, Code of Alabama 1975 is entitled "Legislative findings and declarations; purpose of chapter." It reads as follows:
 "(a) It is essential to the proper operation of democratic government that public officials be independent and impartial; that governmental decisions and policy be made in the proper channels of the governmental structure; that public office not be used for private gain other than the remuneration provided by law; and that there be public confidence in the integrity of government. The attainment of one or *Page 1039 more of these ends is impaired whenever there exists a conflict between the private interests of an elected official or a government employee and his duties as such. The public interest, therefore, requires that the law protect against such conflicts of interest and establish appropriate ethical standards with respect to the conduct of elected officials and government employees in situations where conflicts exist.
 "(b) It is also essential to the proper operation of government that those best qualified be encouraged to serve the government. Accordingly, legal safeguards against conflicts of interest must be so designed as not unnecessarily or unreasonably to impede the recruitment and retention by the government of those men and women who are best qualified to serve it. An essential principle underlying the staffing of our government structure is that its elected officials and employees should not be denied the opportunity, available to all other citizens, to acquire and retain private economic and other interests, except where conflicts with the responsibility of such elected officials and employees to the public cannot be avoided.
 "(c) The legislature hereby declares that the operation of responsible democratic government requires that the fullest opportunity be afforded to the people to petition their government for the redress of grievances and to express freely to individual members of the legislature, to committees of the legislature and to officials of the executive branch, their opinions on legislation, on pending executive actions and on current issues; and that, to preserve and maintain the integrity of the legislative and administrative processes, it is necessary that the identity, expenditures and activities of certain persons who engage in efforts to persuade members of the legislature or the executive branch to take specific actions, either by direct communication to such officials, or by solicitation of others to engage in such efforts, be publicly and regularly disclosed. The provisions of this chapter shall be liberally construed to promote complete disclosure of all such information and so as to assure that the public interest will be fully protected.
 "(d) It is the policy and purpose of this chapter to implement these objectives of protecting the integrity of all governmental units of this state and of facilitating the recruitment and retention of qualified personnel by prescribing essential restrictions against conflicts of interest in state government without creating unnecessary barriers to the public service."
Ala. Code, § 36-25-2 (1975) (emphasis added).
The above quote clearly states that Chapter 25 was enacted to prevent and place restrictions upon conflicts of interest between the private interests of a public official or employee and his duties as such. Futhermore, § 36-25-2 provides that this statute should not deny public officials and employees the opportunity to acquire and retain private economic and other interests unless there is a conflict between these private interests and the public duties of the employee or official. The purpose of this statute is clearly set out in § 36-25-2(d). The purpose of Chapter 25 is to prescribe "essentialrestrictions against conflicts of interest in state government
without creating unnecessary barriers to the public service." Ala. Code, § 36-25-2(d) (1975) (emphasis added).
As stated earlier, although § 36-25-7(a) seems unambiguous on its face, this statute appears somewhat ambiguous when it is considered in relation to and in interaction with the other statutes in Chapter 25, supra.
Obviously, the legislature included a purpose section in Chapter 25 to clarify any ambiguities which might arise in the interpretation of the individual sections of the Chapter. From our examination of the purpose section of Chapter 25, we find that the legislature intended a conflict of interest to be a necessary element of each ethical violation proscribed in Chapter 25. *Page 1040 
In Rampey v. State, 415 So.2d 1184 (Ala.Cr.App.), cert. denied, 415 So.2d 1184 (Ala. 1982), this court considered a similar question to the one before us as it pertained to §36-25-5(a), Code of Alabama 1975. This section reads as follows:
 "No public official or employee shall use an official position or office to obtain direct personal financial gain for himself, or his family, or any business with which he or a member of his family is associated unless such use and gain are specifically authorized by law." Ala. Code, § 36-25-5(a) (1975).
In Rampey, this court held that § 36-25-2 enunciates the true legislative intent of the Chapter and that the words "conflicts of interest" are included therein. "The tenor of the section [36-25-2] read as a whole is that the legislature passed the act to prevent public officials from using their offices to reap private gains. The 'conflicts of interests' referred to in the section are conflicts between an official's private interests and his official duties. Muncaster v. Alabama StateEthics Commission, 372 So.2d 853 (Ala. 1979)." Rampey, 415 So.2d at 1186.
Furthermore, in Brown v. Moore, 583 F. Supp. 391
(S.D.Ala. 1984), the United States District Court specifically held that § 36-25-5(a), -6, and -7(a) govern conflicts of interests.
Additionally, the Alabama Ethics Commission has interpreted § 36-25-7(a) and determined that a conflict of interest is a necessary element of § 36-25-7(a). "The present members of the Alabama Ethics Commission have interpreted Section 36-25-7
above as a prohibition against a public official or employee receiving a fee or other compensation other than his governmental salary, which might influence his judgment of matters which might come before him in his governmental position." Alabama State Ethics Commission, Adv.Op. 1106 (1987) (state's highest health officer not prevented from administering social security physical examinations during off-duty hours to secure additional income). See also, Alabama State Ethics Commission, Adv.Op. 1004 (1986) (state employee may not provide after-hour secretarial services to her agency for compensation but is not prohibited from offering secretarial services to any other state, county or municipal agency other than her own). See additionally, Alabama State Ethics Commission, Adv.Op. 1107, 1099, 1098, 1076, 1064 (1986-87).
While the interpretation of a statute by an administrative agency, charged with the administration and enforcement of a statute, is not binding on this court, it is entitled to due weight and favorable consideration when the reviewing court 0interprets the statute. Hulcher v. Taunton, 388 So.2d 1203
(Ala. 1980); Moody v. Ingram, 361 So.2d 513 (Ala. 1978). This is particularly true where the interpretation of the statute concerns matters within the agency's expertise. Kruse v.Hampton, 394 F. Supp. 764 (S.D.Ala. 1974), aff'd, 513 F.2d 1231
(5th Cir. 1975).
An administrative agency's interpretation of a statute should only be disregarded when it appears from the language of the statute that the agency's interpretation is erroneous.Chem-Haulers, Inc. v. United States, 536 F.2d 610 (5th Cir. 1976); Robinson v. City of Montgomery, 485 So.2d 695
(Ala. 1986).
The Alabama State Ethics Commission regularly issues advisory opinions concerning possible violations of the Alabama Ethics Act. From our review of § 36-25-7(a) in pari materia with Chapter 25, we do not find the Alabama Ethics Commission's interpretation of this section to be erroneous. To the contrary, we find such to be correct. Thus, we conclude that the legislature of Alabama intended that a conflict of interest should be an element of § 36-25-7(a) and such must be established in order to prove a violation of § 36-25-7(a).
Furthermore, the Alabama Ethics Commission has intimated that the legislature would not have enacted § 36-25-10, Code of Alabama 1975 if § 36-25-7(a) did not require such a conflict of interest between the public official's or employee's private interests and his official duties. See Alabama *Page 1041 
State Ethics Commission, Adv.Op. 1091 (1987).
Section 36-25-10 provides that,
 "If a public official or employee, or member of his family, or a business with which any of them is associated, shall for a fee represent a client or constituent before any quasi-judicial board or commission, governmental regulatory agency or executive department or agency, notice of such representation must be given within five days after the first day of such appearance to the state ethics commission in the manner prescribed by the commission. No member of the legislature shall for a fee, reward or other compensation represent any person, firm or corporation before the public service commission or the state board of adjustment."
We agree with the Alabama Ethics Commission's interpretation. If § 36-25-7(a) is to be a complete bar against public employees receiving additional compensation for assisting others before any other state body, then § 36-25-10, Code of Alabama, would be totally unnecessary.
The State argues that § 36-25-7(a) was enacted to avoid the "appearance of impropriety" and that the violation of §36-25-7(a) is a conflict of interest in and of itself. We fail to see how the State's attorney can make this argument when he explicitly concedes that there was no conflict of interest present in this case.
The State admits there was no conflict of interest between the appellant's private interests in his dealings with Sanders and Resource Consultants and his official duties as Director of Investigation and Recovery for the Mobile Circuit Court. We are of the opinion that no conflict of interest herein exists.
A required element of this offense, i.e., a conflict of interest between the private interests and the official duties of the employee, was not proven by the state in its case, and, thus, the appellant's motion for judgment of acquittal was due to have been granted. This cause must be, therefore, reversed and rendered.
In view of our holding, we pretermit consideration of the other possible errors raised by this appellant in his brief.
REVERSED AND RENDERED.
All the Judges concur.