The appellant appeals his conviction for driving under the influence of any substance that impairs the mental or physical faculties, in violation of § 32-5A-191(a)(5), Code of Alabama 1975. He contends that the trial court erred in denying his motion for judgment of acquittal because the State proved that he was under the influence of alcohol, but failed to prove that he was under the influence of "any substance" as required by §32-5A-191(a)(5) and as charged in the traffic citation.
The record reveals that the evidence presented by the State in support of the conviction indicated that the appellant was driving under the influence of alcohol. Officer Greg Taylor of the City of Vestavia Hills Police Department testified that he was in his police car in the parking lot of Mark's Outdoors sporting goods shop on March 29, 1991, at 2:20 a.m. He was talking to Officer Greg Lee, who was in a separate car. Taylor testified that he was facing State Highway 31. He observed a small brown automobile traveling south on Highway 31 at a high rate of speed. He *Page 93 
followed the automobile. He testified that at one point he was exceeding 90 miles an hour in order to catch up with the brown car. He also testified that the car swerved toward the on-ramp to Interstate Highway 65 and then came back onto Highway 31. Taylor testified that after getting close to the car, he had to maintain a speed of 70 miles per hour to keep up. The speed limit in the area was 40 miles per hour.
Taylor testified that when the car stopped, the appellant got out of the vehicle. Taylor testified that he smelled the odor of intoxicating beverages on the appellant. He further testified that the appellant's speech was slurred and that he had an unsteady walk. The appellant could not perform the two field sobriety tests administered by Taylor. Taylor testified that the appellant refused to submit to a breathilyzer test.
After Taylor testified that he had himself consumedalcoholic beverages in the past and that he had been around other people who had consumed alcoholic beverages, he testified he believed that the appellant was intoxicated. On cross-examination, Taylor testified that an intoxicating beverage is one that contains alcohol. Although Taylor continually testified that he smelled the odor of intoxicating beverages without specifically stating that it was the odor of alcohol, it is clear from the predicate laid by the prosecutor concerning the appellant's sobriety that the City proved that the appellant was under the influence of alcohol.
Officer Lee, who provided back-up for Taylor, testified that he noticed the strong smell of alcoholic beverages on the appellant's breath. He also testified that he had been around people who consumed alcoholic beverages and that he believed that the appellant was intoxicated.
During the appellant's motion for judgment of acquittal, he argued that the term "any substance" does not include alcohol. The trial judge stated that he assumed that the term "any substance" included alcohol. Our review of the record indicates that the City relied on and proved that the appellant was under the influence of alcohol. This conclusion is supported by the evidence and by the comments of the prosecutor and the trial judge at the close of the State's evidence. This conclusion is further supported by the prosecutor's comment immediately prior to trial that if he had put "alcohol" in the complaint, it would have constituted a variance from the Uniform Traffic Ticket and Complaint. During the pretrial hearing, the trial judge also asked the prosecutor if any substances other than alcohol were involved. The prosecutor responded that he had no knowledge of any other substance. The next question then, is whether the term "any substance" as used in § 32-5A-191(a)(5) includes alcohol. Our examination of the statute indicates that § 32-5A-191(a)(5) does not include the substances covered by subsections (a)(1) through (a)(4).
"The fundamental guide in reviewing statutory construction is to ascertain and effectuate the intent of the legislature as expressed in the statute." Kirkland v. State, 529 So.2d 1036,1038 (Ala.Crim.App. 1988). See also Ex parte Rodgers,554 So.2d 1120 (Ala. 1989). "When determining legislative intent from an examination of a statute as a whole, the reason and necessity for the statute, as well as the public purpose sought to be obtained, must be considered by the reviewing court."Kirkland at 1038. It is presumed that the legislature does not enact meaningless, vain, or futile statutes. Druid CityHospital Board v. Epperson, 378 So.2d 696 (Ala. 1979).
Subsection (a)(5) was added in 1983. Thus, it was added some years after the enactment that included subsections (a)(1) through (a)(4). It would appear that the legislature enacted subsection (a)(5) in order to cover those situations that were not previously covered by the statute. Because alcohol and controlled substances were already addressed in sections (a)(1) through (a)(4), there would have been no need to enact (a)(5) unless it applied to other substances. Furthermore, if (a)(5) included alcohol and controlled substances, a defendant could always be charged under (a)(5). Certainly, the legislature did not intend to render subsections (a)(2) through *Page 94 
(a)(4) meaningless by the enactment of (a)(5). Under subsection (a)(1), the prosecuting authority must prove that the defendant's blood-alcohol was .10 or more. Frazier v. City ofMontgomery, 565 So.2d 1255 (Ala.Crim.App. 1990). If proceeding under subsection (a)(2), the prosecuting authority must prove that the defendant was under the influence of alcohol. Id. Thus, a person charged under (a)(1) cannot be convicted under the proof required for (a)(2). A prosecution under (a)(3) requires the prosecuting authority to prove that the defendant was under the influence of a controlled substance. A prosecution under (a)(4) requires proof that the defendant was under the influence of alcohol and a controlled substance. Our review of the statute leads us to conclude that (a)(5) was enacted to cover those situations in which the defendant's mental and/or physical faculties are impaired by some substance other than alcohol or a controlled substance. An example of the proper application of (a)(5) can be seen inRaper v. State, 584 So.2d 544 (Ala.Crim.App. 1991). The different subsections of § 32-5A-191 are alternative methods of proving the same offense (DUI) and that specific alternative must be alleged and proved. Sisson v. State, 528 So.2d 1159,1162-63 (Ala. 1988).
Although the appellant was charged with violating §32-5A-191(a)(5), the City of Vestavia proved that he was under the influence of alcohol. The appellant was not notified that alcohol was the basis of the charge. Because the City failed to prove that the appellant was under the influence of "any substance" other than alcohol, as required under our interpretation of the statute, his motion for judgment of acquittal should have been granted.
For the reasons set forth above, the appellant's conviction is due to be reversed and a judgment rendered in his favor.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.