McMILLAN, Judge.
The appellant, Jimmy Tanner, was convicted of harassment, a violation of § 13A-11-8(a)(1)(b), Code of Alabama 1975. He was sentenced to three months’ imprisonment in the county jail and was ordered to pay a $250 fine.
The appellant argues that the trial court erred in denying his motion for a judgment of acquittal because, he says, the State failed to prove that the words he used against the prosecuting witness were prohibited by § 13A-ll-8(a)(l)(b), Code of Alabama 1975.
Section 13A-ll-8(a)(l)(b), Code of Alabama 1975, states:
“(a) Harassment. — (1) A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he:
[[Image here]]
“b. Directs abusive or obscene language or makes an obscene gesture towards another person.”
*158 The evidence presented by the State tended to show the following: The prosecuting witness, Anita Frederick, testified that she had known the appellant for approximately eight years, and that during that time they had lived together. She testified that there was “a parting of the ways” in February or March 1993. She further testified that on May 15, 1993, she filed a complaint against the appellant for harassment. She testified, over timely objection by defense counsel, that the appellant called her on the telephone and threatened her, saying if “[she] didn’t come back he would kill [her] and if [she] called the law he would kill [her] and [her] family.”
After the State rested, the appellant’s defense counsel made the following oral motion for a judgment of acquittal:
“[Defense counsel]: We move for judgment of acquittal. The city has failed to make a prima facie ease in that the city has failed to show that the alleged statement by Mr. Tanner was abusive words, and beyond that the city has faded to show that any such statement amounted to fighting words. The courts have construed the phrase ‘abusive language’ in the harassment statute to include only fighting words, which it has said is that is such words that would likely result in an instant breach of peace, cause a person to engage in a breach of peace as fighting words in a fight. Furthermore, the defendant is charged under subsection (a) of the statute by the complaint on appeal. The actions that Mrs. Frederick described deals with communications on a telephone. There is a specific code section subsection (b), dealing with communications by means of a telephone, harassing communications. At the least there is a variance between the city’s complaint charging the defendant under subsection (a) and city’s evidence which would only fall under subsection (b). And finally the city has failed to make out a prima facie case in that Mr. Tanner was charged with violation of Hamilton Municipal Ordinance 434. And the city has not proved the ordinance or produced any evidence of the ordinance and contents of the ordinance, or that the defendant had violated that ordinance. It is incumbent upon the city on a case on appeal from municipal court to prove the municipal ordinance that the defendant is charged under. The city has failed to do that.”
After defense counsel made his motion, the trial court allowed the State to introduce into evidence a certified copy of the municipal ordinance. The State then rested its case.
Recently this court, in Conkle v. State, [CR-93-2020, March 14, 1995] — So.2d-(Ala.Cr.App.1995), addressed the issue whether a verbal threat, unaccompanied by any physical conduct, constituted harassment under § 13A-ll-8(a)(l)(b)., Code of Alabama 1975, and, further, whether a verbal threat, without more, can constitute a crime in this State under the present laws. In Conkle, this court held that the following verbal threat made by the appellant to the prosecuting witness, “I’m going to get you, little girl. You’re as good as dead,” did not constitute “fighting words” and, therefore, would not sustain a conviction for harassment under § 13A. — 11—8(a)(1)(b). In other words, a verbal threat alone made under circumstances that would not cause public disorder or unrest by inviting a fight does not constitute an offense under this section. Therefore, based upon the authority of Con-kle v. State, we conclude that the appellant’s conviction in this case for harassment was improper.
The evidence might have supported a charge of “harassing communications,” a violation of § 13A-ll-8(b)(l)a., Code of Alabama 1975, which provides:
“(b) Harassing communications — (1) A person commits the crime of harassing communications if, with intent to harass or alarm another person, he:
“a. Communicates with a person, anonymously or otherwise, by telephone, telegraph, mail or any other form of written or electronic communication, in a manner likely to harass or cause alarm.”
However, the appellant was not charged under this subsection and cannot be convicted under this subsection. Cf. Sturgeon v. City of Vestavia Hills, 599 So.2d 92 (Ala.Cr.App.1992) (a person charged with violating a *159 subsection of the driving under the influence statute must be proven guilty and convicted under that subsection; “... a person charged under (a)(1) cannot be convicted under the proof required for (a)(2),” Id. at 94). The judgment of the trial court is reversed and a judgment rendered for the appellant.
REVERSED AND JUDGMENT RENDERED.
All judges concur.