290 So.2d 167

**LEAGUE OF WOMEN VOTERS of Alabama, etc., et al.**

v.

**Hugh RENFRO et al., etc.**

**SC 384.**

Supreme Court of Alabama.

Feb. 14, 1974.

Drake, Knowles & Still, University, for appellants.

Walter P. Crownover, Tuscaloosa, for appellees.

MERRILL, Justice.

Complainants (appellants) filed their bill against the Tuscaloosa County Board of Registrars seeking a declaratory judgment that the Board was required to remain open on Saturdays for the months of October, November, December and January. Complainants appeal from a decree adverse to them.

The bill, in its amended form, has the League of Women Voters of Alabama and Phyllis Rea as complainants. Complainant League is a non-profit, unincorporated association, the general purpose of which is to promote political responsibility. Complainant Rea is president of the League and is a resident of and registered voter in Lee County, Alabama. Respondents demurred to the bill on the grounds that complainant League has not alleged that it suffered any injury as an association, and on the grounds that complainant Rea is not a resident of Tuscaloosa County, Alabama, and is ineligible to vote therein. Demurrer was overruled. Respondents then joined issue on complainants' allegation that the Board was required by law to remain open on Saturdays. No evidence was taken. The facts were submitted to the trial court by stipulation for a decision. The trial court held that the Board was not required by law to remain open on Saturdays.

Act No. 1428, Acts of Alabama 1971, Vol. III, p. 2454, 1958 Recompilation, Appendix, 14B, § 382(19), applying to Tuscaloosa County, provides for the meeting days of Board of Registrars in pertinent part as follows:

"(2) In all such counties, the board of registrars shall meet on the first Monday and for four consecutive days thereafter, Sundays and legal holidays excepted, in the months of February, March, April, May, June, July, August and September of each year, and on the first Monday and for nine consecutive days thereafter, Sundays and legal holidays excepted, in the months of October, November, December, and January of each year, for the purpose of registering voters. An applicant may register at the courthouse or at any other location in the county designated by the board of registrars."

Act No. 317, 1959 Regular Session of the Alabama Legislature, a general statute of local application, is in pertinent part:

"That in all counties of this State coming within the purview of this Act, the Board of Revenue or like governing body of such county is hereby authorized to fix and set aside and designate, by resolution, from time to time, one day out of each week other than Sundays for all court house offices and other county offices to be closed."

Pursuant to this Act allowing closing of county offices, the Tuscaloosa Board of Revenue passed a resolution designating Saturday as the day for closing the courthouse.

During the months of October, November, December and January, it is the policy of the Board of Registrars to meet on the first Monday of each month through Friday, close on Saturday and Sunday, and continue in session Monday through Friday of the following week. At all times, the Board of Registrars has met in the county courthouse. Sometime prior to October, 1972, complainants requested that the Board of Registrars remain open on Saturdays during October, November, December and January. The Board declined.

It is stipulated that to open one office of the courthouse on Saturdays would require the expense of additional personnel; due to the design of the building, opening one

office therein gives the general public access to the entire building. It is further stipulated that a meeting of the Board at a place other than at the courthouse would necessitate acquisition of space by rent or otherwise and the expense of moving large amounts of equipment and supplies.

■ The appellants' several assignments of error make it necessary to construe the term "legal holiday" as used in Act No. 1428, listed in Appendix, § 382(19), and ascertain whether or not a closing day designated pursuant to Act No. 317, 1959 Regular Session of the Legislature, is within the meaning of the term "legal holiday."

Appellants' argument rests on the proposition that Saturday is not one of the enumerated legal holidays in Tit. 39, § 184, as amended. Appellants contend that since Saturday is not so enumerated, it is not a legal holiday within the meaning of that term in Act No. 1428, listed in Appendix, § 382(19). However, this argument is without merit since Tit. 39, § 184, as amended, is a list of legal holidays for commercial and banking purposes only. Smith v. State, 243 Ala. 253, 9 So.2d 122.

The question of whether or not a closing day comes within the meaning of the term "legal holiday" must be answered by reference to certain well-established rules of statutory construction.

■ The fundamental rule of construction is to ascertain and effectuate the intent of the Legislature as expressed in the statute. City of Montgomery v. Montgomery City Lines, 254 Ala. 652, 49 So.2d 199; Edgehill Corp. v. Hutchens, 282 Ala. 492, 213 So.2d 225.

■ The office of statutory construction is not to improve a statute, but to expound the meaning and intent thereof. Alabama Industrial Bank v. State ex rel. Avinger, 286 Ala. 59, 237 So.2d 108.

■ The purpose and intent of the lawmakers should not be defeated by a narrow construction based upon nice distinctions in the meaning of words. Ex parte State, 241 Ala. 304, 2 So.2d 765; Pappanastos v. State Tax Commission, 235 Ala. 50, 177 So. 158.

■ In ascertaining the legislative intent it is necessary to be mindful that a thing may be within the letter of a statute, but not within the meaning; or within the meaning, but not within the letter. Statutory construction requires that the letter of the statute yield to the true meaning and intent of the lawmakers. City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159.

■ Statutes are in pari materia where they deal with the same subject. Kelly v. State, 273 Ala. 240, 139 So.2d 326. Where statutes are in pari materia they should be construed together to ascertain the meaning and intent of each. City of Birmingham v. Southern Express Co., supra. Where possible, statutes should be resolved in favor of each other to form one harmonious plan and give uniformity to the law. Waters v. City of Birmingham, 282 Ala. 104, 209 So.2d 388; Walker County v. White, 248 Ala. 53, 26 So.2d 253.

■ The court, in ascertaining the intent of the Legislature, is entitled to consider the conditions which may arise under the provisions of statutes and to examine the results that will flow from giving the language in question one particular meaning or another. Abramson v. Hard, 229 Ala. 2, 155 So. 590; State v. Morrow, 276 Ala. 385, 162 So.2d 480. Where there is doubt as to the legislative intent in a statute, weight will be given to the practical effect which a proposed construction will have. Mitchell v. McGuire, 244 Ala. 73, 12 So.2d 180; Birmingham Paper Co. v. Curry, 238 Ala. 138, 190 So. 86.

Applying these principles to the facts in the instant case leads us to an affirmance of the decree of the trial court. The intent of the Legislature would be defeated if we made the urged distinction between "legal holidays" and "closing days." To make the two statutes, Act No. 1428 and Act No. 317, into a harmonious plan and provide uniformity in the law, "closing days" and "legal holidays" should be treated alike.

This case involves only four days during the year—a Saturday in the months of October, November, December and January. The general public got used to the courthouse being closed on Saturday and does not schedule business there on Saturdays. It would be expensive to shift to quarters other than the closed courthouse on that day, and it was stipulated that opening the registration office on those four Saturdays would be expensive and require additional personnel.

We think there is an analogy in Tit. 1, § 12, as amended in 1953, which provides in pertinent part:

"Time within which any act is provided by law to be done must be computed by excluding the first day and including the last. However, if the last day is Sunday, or a legal holiday as defined in section 184 of Title 39, *or a day on which the office in which the act must be done shall close as permitted by any law of this state*, the last day also must be excluded, and the next succeeding secular or working day shall be counted as the last day within which the act may be done. * * *" (Emphasis supplied.)

This court has also held that even though the statute required a motion for a new trial to be filed within thirty days (Tit. 13, § 119), and the office of the circuit clerk had been closed on Saturday, the thirtieth day, under authority of the county governing body, and the motion was filed on the following Monday, it was timely filed. This court construed the statutes with Tit. 1, § 12, as amended, and said:

"Since the office of the clerk was closed on Saturday in the instant case, the motion with the order of the judge thereon was filed within due time when it was filed the following Monday in the office of the clerk on January 9, 1956." Ex parte United States Hoffman Machinery Co., 270 Ala. 337, 118 So.2d 914.

It follows that the Board of Registrars is in compliance with the meaning of Act No. 1428 and Act No. 317 if they meet the first Monday in the months of October through January, stay in session through Friday and then meet Monday through Friday of the following week, Sundays, legal holidays and closing days excepted.

The argument of the appellees that complainants were not the proper parties to bring the bill has not been considered since a decision on the merits has been reached which is dispositive of the real question.

Affirmed.

HARWOOD, MADDOX, FAULKNER and JONES, JJ., concur.