This is an appeal from a declaratory judgment action brought by the appellants, the Advertiser Company, d/b/a the AlabamaJournal, and Lawrence McConnell and Nancy Davis, employees of the Advertiser Company, to have the Montgomery County Circuit Court declare that the appellees, Walker O. Hobbie, Probate Judge of Montgomery County, and the Montgomery County Commission, "may reclaim the official registration lists of the last general election from the voting machines in Montgomery County and make those records available to the [appellants] for inspection." The circuit court denied the relief sought by appellants.
The registration lists that are the subject of the appellants' declaratory judgment action are those lists provided for in Code 1975, § 17-4-130 (Cum.Supp. 1983). That section provides:
 "The board of registrars shall, when registration is closed before a primary, general, or special election, certify to the judge of probate any additions, deletions, corrections or changes from the list previously prepared and submitted to the judge. From these lists the judge shall prepare correct alphabetical lists of the qualified electors registered by precincts . . . which lists shall be certified by the board thereof officially to be full and correct copies of the lists of registered electors for each of said political subdivisions, as the same appears from the records of the board, and shall deliver the same to the judge of probate for distribution to the officers of election. The judge of probate shall deliver or cause to be delivered to the inspectors in each precinct . . . one copy of the list prepared for such box or voting place immediately preceding every general, primary or special election, and the delivered list shall contain only the names of persons qualified to vote at such box or voting place." (Emphasis added.)
Election officials use the registration lists at issue to ensure that all persons voting in a precinct are registered to vote in that precinct. As eligible voters present themselves at the polling place, and identify themselves, their names are marked on the registration list. Following an election, the general practice has been to lock the registration lists in the voting machines and destroy the lists when the machines are reopened to be reset for the next election.
The appellants have made several requests of the appellees to open to public inspection the registration lists that are currently stored in locked voting machines in Montgomery County. To date, appellees have refused to comply with appellants' requests, contending that to do so would be unlawful, specifically that doing so is proscribed by Code 1975, § 17-7-17. We emphasize, however, that appellants do not seek access to the list of all registered voters that is published in a newspaper of general circulation prior to an election, but, rather, appellants seek access after an election, to the list of registered voters of a particular precinct which identifies those persons who presented themselves at the polling place to vote.
Section 17-7-17 provides: *Page 95 
 "Any election officer or any other person who makes a copy of the poll list or any memoranda therefrom, or list of the persons voting, or the number of their ballots, or discloses the number of such voter's ballot, shall be guilty of a misdemeanor, and upon conviction, shall be fined not less than $200.00." (Emphasis added.)
Appellants contend that the election laws of Alabama pertaining to registration lists are confusing and outdated, and appellants set forth several reasons in support of their contention that the subject lists should be available for public inspection. Appellants contend that by making the registration lists available to the public, voter fraud will be discouraged, voter lists will be easier to purge, and public disclosure of the names of registered voters not voting may in fact encourage voting.
Regardless of the validity, or invalidity, of appellants' reasons for making the lists available for public inspection, the rule in this case, as in all cases of statutory interpretation, is that the court must ascertain and give effect to the intent of the legislature in enacting the statute. Wright v. Turner, 351 So.2d 1 (Ala. 1977); Locke v.Wheat, 350 So.2d 451 (Ala. 1977). If possible, such intent must be gathered from the language of the statute itself, and only when the language of the statute is ambiguous or uncertain will the court resort to considerations of fairness or policy to ascertain the legislature's intent. Morgan County Board ofEducation v. Alabama Public School and College Authority,362 So.2d 850 (Ala. 1978).
We think it obvious that a list of the names of all the registered voters in a precinct is transformed into a "list of the persons voting" when, after an election, that list has been so marked as to identify every voter in the precinct who presented himself at the polling place to vote. Moreover, appellants, in effect, concede that the registration lists they seek are in fact "lists of the persons voting." In their brief, appellants argue that "the only information that can be gleaned from an official registration list would be the names of thosepersons who presented themselves to vote and the names of the persons in that precinct who are registered to vote but who did not present themselves to vote," and that if the Board of Registrars "retained such information, it could determine thoseelections in which a voter did or did not vote." (Emphasis added.) (Brief for appellants, pp. 4-5).
The plain meaning of § 17-7-17 can be gleaned from its words; therefore, the statute should be construed in accordance with that meaning. Howard v. Burton, 470 So.2d 1176 (Ala. 1985);Mobile County Republican Executive Committee v. Mandeville,363 So.2d 754, 757 (Ala. 1978). We hold that because the registration lists sought by appellants are lists of the persons voting, within the meaning of § 17-7-17, the appellants are not entitled to the relief sought. The constitutionality of § 17-7-17 was not at issue in this case.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.