507 So.2d 902 (1987)
A.B. CLARK
v.
HOUSTON COUNTY COMMISSION.
85-516.
Supreme Court of Alabama.
March 20, 1987.
Rehearing Denied May 15, 1987.
W. Terry Bullard, Dothan, for appellant.
Richard H. Ramsey III, Dothan, for appellee.
PER CURIAM.
This is an appeal by A.B. Clark from the denial of his petition for writ of mandamus. We reverse.
This case involves the interpretation of Ala. Code 1975, §§ 36-22-60 through -65, concerning supernumerary sheriffs.
Clark, who is presently over 55 years of age, was elected to the office of sheriff of Houston County, Alabama, in 1966. He took office in January 1967 and served until January 16, 1983. On September 24, 1985, Clark was issued a commission by the governor of Alabama appointing him supernumerary sheriff of Houston County. On that same date, the probate judge of Houston County administered the oath of office of supernumerary sheriff. In compliance with Ala. Code 1975, § 36-22-63, Clark tendered a check, dated September 24, 1985, in the amount of $5,412.97 to the Houston County Commission for the purchase of credit for service prior to July 19, 1979. The Houston County Commission returned the check to Clark's attorney on May 23, 1986, contending that Clark was not entitled to benefits under the supernumerary sheriff's program.
Clark contends that he meets the age and tenure-in-office requirements of Ala. Code 1975, § 36-22-60; that he has been issued a commission as supernumerary sheriff; that he is entitled to be paid benefits as provided for in Ala. Code 1975, § 36-22-62; *903 and that he is entitled to be paid such benefits effective September 24, 1985.
The Houston County Commission contends that Clark does not meet the statutory requirements for receiving the benefits of a supernumerary sheriff because he was not serving as sheriff of Houston County on May 20, 1985, the effective date of the amendment of Ala. Code 1975, § 36-22-63, and was not serving as sheriff on the date he made his election to participate in the program.
The qualifications necessary to participate in the supernumerary sheriff's program are stated in Ala. Code 1975, § 36-22-60. This section states in part:
"Any sheriff, on or after July 19, 1979, of any county of this state may elect to participate in the supernumerary sheriff's program provided by this article. Any sheriff, on or after July 19, 1979, of any county of this state:
"....
"(2) Who has had 16 years of service credit as a law enforcement officer, 12 of which have been as a sheriff, and who has reached the age of 55 years; may elect to become a supernumerary sheriff of the county by filing a written declaration to that effect with the governor not more than 90 days prior to the end of the 16 year period or reaching the age of 55 years, both having been fulfilled, or at any time thereafter. If the governor shall find that any such declarant is qualified under either subdivision (1) or (2) of this section, he shall then issue such declarant a commission as supernumerary sheriff."
In order for Clark to have the necessary 16 years of creditable service as a law enforcement officer, he must purchase credit for service prior to July 19, 1979, which is provided for in Ala. Code 1975, § 36-22-63. A 1985 amendment to this section provides that "[a]ny prior service credit must be purchased within two years of May 20, 1985." The 1985 amendment substituted "two years of May 20, 1985" for "one year of July 19, 1979." This amendment merely created a new time period for the purchase of prior service credit in the event it had not been purchased within one year of July 19, 1979.
The trial court held: that the 1985 amendment allowed sheriffs, who were serving on July 19, 1979, and on May 20, 1985, to purchase prior service credit in the event they had not purchased prior service credit within one year of July 19, 1979; that the amendment did not allow the purchase of prior service credit by a former sheriff who was no longer serving as sheriff; that the supernumerary program was created for "sheriffs" who during their tenure in office elected to vacate the office and assume the office of supernumerary sheriff; and that no provisions are made for "former" sheriffs to elect to participate in the program subsequent to leaving office.
The trial court's interpretation of the provisions of the supernumerary sheriff's statute is a determination of law, which is not entitled to a presumption of correctness on appeal. Donnelly v. Doak, 346 So.2d 414 (Ala.1977).
We must determine whether the provisions of Article 3, Chapter 22, Title 36, of the Alabama Code 1975 allow a "former" sheriff to elect to participate in the supernumerary sheriff's program.
The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Advertiser Co. v. Hobbie, 474 So.2d 93 (Ala.1985); League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). If possible, the intent of the legislature should be gathered from the language of the statute itself. Advertiser Co. v. Hobbie, supra; Morgan County Board of Education v. Alabama Public School & College Authority, 362 So.2d 850 (Ala.1978). If the statute is ambiguous or uncertain, the court may consider conditions which might arise under the provisions of the statute and examine results that will flow from giving the language in question one particular meaning rather than another. Studdard v. South Central Bell Telephone Co., 356 So.2d 139 (Ala. *904 1978); League of Women Voters v. Renfro, supra.
Although there are no specific provisions for "former" sheriffs to elect to participate in the supernumerary program, there is also nothing in the statute to indicate that the legislature intended to prohibit a former sheriff, who was serving in office on July 19, 1979, from purchasing prior service credit and thus participating in the supernumerary program.
Section 36-22-60, which sets forth the qualifications necessary to participate in the program, does not require that Clark be in office on May 20, 1985, or at the time he elects to participate in the program. The only importance May 20, 1985, has is in relation to the time for purchasing prior service credit. Ala. Code 1975, § 36-22-63.
It is undisputed that Clark meets the qualifications set out in § 36-22-60 to participate in the supernumerary program. He was 59 years of age at the time he made the election, had served 16 years as sheriff of Houston County, was serving as sheriff on July 19, 1979, and had filed a written declaration with the governor. This Court does not believe that the legislature intended to prohibit a person who meets all the necessary qualifications for supernumerary sheriff from participating in the supernumerary program simply because he chooses or is forced to make the election at some time after he leaves office.
Based upon the foregoing, the judgment of the trial court is reversed and the cause remanded for entry of an order consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES and STEAGALL, JJ., concur.
TORBERT, C.J., and BEATTY and HOUSTON, JJ., dissent.
HOUSTON, Justice, dissenting.
I dissent.
The majority opinion contains the following statement, with which I must disagree: "Although there are no specific provisions providing for `former' sheriffs to elect to participate in the supernumerary program, there is also nothing in the statute to indicate that the legislature intended to prohibit a former sheriff, who was serving in office on July 19, 1979, from purchasing prior service credit, and thus, participating in the supernumerary program." (Emphasis added.) The trial court in its order stated that the 1985 Amendment to § 36-22-63, Code 1975, provided that the payment for purchase of prior service credit is based on a percentage of a sheriff's "current salary as sheriff." Section 36-22-63, Code, provides:
"Any sheriff, serving on July 19, 1979, of any county of this state who elects to participate in the supernumerary sheriff's program shall receive service for supernumerary status for any time served as sheriff after July 19, 1979. Any sheriff, in order to receive service credit for prior service as a sheriff or law enforcement officer, shall pay into the county general fund an amount equal to the total contribution he would have made as a sheriff based on six percent of his current salary as sheriff for a period not to exceed five years or the time of prior service as sheriff whichever is lesser. Any prior service credit must be purchased within two years of May 20, 1985. No sheriff shall be eligible to go on supernumerary status with less than five years of creditable service including prior service credit purchased as provided above." (Emphasis added.)
The trial court in its order wrote: "In order for a sheriff to have a current salary as sheriff, one would have to be currently serving as sheriff." I believe that the trial court has interpreted the statute the only way that it can be logically and correctly interpreted. I agree with the trial court.
TORBERT, C.J., and BEATTY, J., concur.