Pursuant to Rule 18, A.R.App.P., the United States District Court for the Southern District of Alabama certified a question to this Court. We consented to answer the question and ordered the parties to submit briefs containing their arguments. The parties having done so, and the matter having been orally argued to this Court, we will set out the pertinent facts and answer the question.
The certificate issued by the United States District Court contained the following statement of facts:
 "Joseph Pace was a boilermaker at Alabama Dry Dock and Shipbuilding Co. from 1938 to 1966, and was allegedly exposed to asbestos-containing products during that time. His last alleged exposure to asbestos occurred in 1966. In June of 1985 he was diagnosed with chronic obstructive lung disease and probable asbestosis.
 "On May 29, 1986, he filed suit in the United States District Court for the Northern District of Texas, seeking damages for asbestosis allegedly caused by exposure to asbestos-containing products, manufactured by the defendants in this action. On motion of the defendants, pursuant to 28 U.S.C. § 1404(a), this action was transferred to the United States District Court for the Southern District of Alabama. Under Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), a transferee federal district court must apply the substantive law that the transferor court would have applied had the action not been transferred. Under Klaxon Co. v. Stentor Manufacturing Co., 313 U.S. 487
[61 S.Ct. 1020, 85 L.Ed. 1477] (1941), the District Court for the Northern District of Texas would have been obligated to apply Texas conflict of laws principles if this action had remained in that district. Applying those principles, this court held that the Texas court would have applied Alabama substantive law and Texas procedural law in this action. Also, over defendants' objections, this court held that the Texas statute of limitations governed Pace's personal injury claim, as a matter of procedural law, and that the claim was timely filed.
 "Plaintiff died on December 25, 1988, during the pendency of his personal injury action. His personal representative filed an amended complaint on May 30, 1989, alleging that Mr. Pace's death was a proximate result of his exposure to asbestos and seeking recovery under negligence and extended liability theories. Defendant moved to dismiss the complaint, noting that Alabama's wrongful death statute of limitations is contained in the statute itself, and is therefore substantive, that the wrongful death action is time barred because plaintiff's decedent could not have commenced a personal injury action in Alabama at the time of his death, and that the Alabama wrongful death statute requires that any such action be prosecuted solely in Alabama. Plaintiff argues that this action is not time barred because the Alabama wrongful death statute does not require the underlying personal injury action to *Page 283 
be available in Alabama. Plaintiff argues that since the Alabama statute says 'provided the testator . . . could have commenced an action . . .,' it does not require that plaintiff must have been able to commence such action in Alabama. Plaintiff further argues that since plaintiff's decedent did, in fact, successfully commence a personal injury action and was prosecuting such action in this court at the time of his death, the personal representative may convert such action to a wrongful death action."
Since these facts present a case of first impression, we consented to answer the following certified question:
 "Whether the inability of the decedent to [commence] a personal injury action in the State of Alabama prior to the time of death precludes amendment of his existing personal injury action by the decedent's representative so as to bring an action for wrongful death under Ala. Code 1975, § 6-5-410?"
Alabama's wrongful death statute, § 6-5-410, Ala. Code 1975, states, in pertinent part:
 "A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the state of Alabama, and not elsewhere, for the wrongful act, omission or negligence of any person, persons or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission or negligence if it had not caused death." (Emphasis added.)
This Court has stated, and the parties agree, that the fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Clark v. Houston County Commission,507 So.2d 902 (Ala. 1987); Advertiser Co. v. Hobbie, 474 So.2d 93
(Ala. 1985); League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). In construing the statute, this Court should gather the intent of the legislature from the language of the statute itself, if possible. Clark v.Houston County Commission, supra; Advertiser Co. v.Hobbie, supra; Morgan County Board of Education v.Alabama Public School College Authority, 362 So.2d 850
(Ala. 1978). We may also look to the reason and necessity for the statute and the purpose sought to be obtained by enacting the statute. Ex Parte Holladay, 466 So.2d 956
(Ala. 1985).
The purpose of Alabama's wrongful death statute is to protect human life and prevent homicides by the wrongful act, omission, or negligence of persons or corporations. Mattison v.Kirk, 497 So.2d 120 (Ala. 1986); Black Belt Wood Co. v.Sessions, 514 So.2d 1249 (Ala. 1986). The reason and necessity for the act was to provide a remedy to the family of a decedent whose death was caused by the wrongful act or omission of another. In Mattison v. Kirk, supra, this Court discussed this reasoning at length:
 "At common law, personal injury actions did not survive the death of the injured party. Consequently, it was cheaper for the defendant to kill the plaintiff than to injure him, leaving the bereaved, and often financially destitute, family of the victim without a remedy. This intolerable situation was ended in England by the passage of the Fatal Accidents Act of 1846, otherwise known as Lord Campbell's Act. W. Keeton, Prosser Keeton on The Law of Torts, § 127 at 945 (5th ed. 1984). This enactment created a new cause of action upon the death of the injured party, provided the deceased could have maintained an action before his death. Every American state now has a statutory remedy for wrongful death. Id."
497 So.2d at 124.
Thus, as we have said, § 6-5-410 created a right of action in the name of the personal representative of the decedent. In this case, we must interpret the scope of the proviso in § 6-5-410 that restricts that right. The proviso requires that, in order for a personal representative to be able to bring an action for wrongful death, the decedent must have been able to "[commence] *Page 284 
an action for such wrongful act, omission or negligence if it had not caused death."
In discerning and effectuating the intent of the legislature, we must bear in mind two applicable rules of statutory construction, which we set out in their entirety. The first rule concerns the construction of provisos generally:
 "Provisos serve the purpose of restricting the operative effect of statutory language to less than what its scope of operation would be otherwise. They are construed using the same general criteria of decision applied to other kinds of provisions. However, where there is doubt concerning the extent of the application of the proviso on the scope of another provision's operation, the proviso is strictly construed. The reason for this is that the legislative purpose set forth in the purview of an enactment is assumed to express the legislative policy, and only those subjects expressly exempted by the proviso should be freed from the operation of the statute."
Sutherland Stat. Const., § 47.08 (4th ed.) (footnotes omitted).
The second rule concerns a court's supplying words said to be omitted from a statute:
 "It is a general rule that the courts may not, by construction, insert words or phrases in a statute, or supply a casus omissus by giving force and effect to the language of the statute when applied to a subject about which nothing whatever is said, and which, to all appearances, was not in the minds of the legislature at the time of the enactment of the law. Under such circumstances, new provisions or ideas may not be interpolated in a statute, or ingrafted thereon. In this respect, it has been declared that it is not the office of the court to insert in a statute that which has been omitted, and that what the legislature omits, the courts cannot supply. These rules have been regarded as applicable to an unintentional omission.
 "Words and phrases may, however, be supplied by the court and inserted in a statute, where that is necessary to prevent an act from being absurd, to obviate repugnancy and inconsistency in the statute, complete the sense thereof, and give effect to the intention of the legislature manifested therein. This rule prevails where words have been omitted from a statute through clerical error, or by accident or inadvertence. The rule is especially applicable where such application is necessary to prevent the law from becoming a nullity.
 "Courts proceed with great caution in supplying alleged omissions in statutes. They will supply an omission only where such omission is palpable, and the omitted words are plainly indicated by the context or verifiable from other parts of the statute. Moreover, a court will not insert words in a statute which is so vague and uncertain as to have no definite meaning, or the meaning of which can be ascertained only by conjecture, or where the added words would render the statute inoperative."
73 Am.Jur.2d Statutes § 203 (1974) (footnotes omitted). See State v. Calumet Hecla Consol. CopperCo., 259 Ala. 225, 66 So.2d 726 (1953).
The general effect of provisos is to restrict the operative effect of statutory language. Sutherland, supra. Absent the proviso, the language of § 6-5-410 provides that a personal representative may commence an action in a court of competent jurisdiction within the State of Alabama, and not elsewhere, against a person or corporation for the wrongful act or omission that caused the death of the decedent. The rule on interpretation of provisos provides that where the restrictive scope of the proviso is in doubt the proviso should be strictly construed, and that only those subjects expressly restricted should be freed from the operation of the statute. Sutherland, supra. The proviso requires that the decedent must have been able to commence a personal injury action had the wrongful act or omission not caused death.
The rule on omitted words states that generally courts may neither insert words in the statute nor apply the language *Page 285 
in the statute to an event for which no provision was made, and which, to all appearances, was not in the minds of the legislature at the time of the enactment of the law. 73 Am.Jur.2d, supra. Words may, however, be inserted into a statute to prevent it from being absurd, to obviate inconsistency in the statute, and to effectuate the intent of the legislature manifested therein; this rule applies where words have been omitted from the statute by clerical error, accident, or inadvertence. 73 Am.Jur.2d, supra. In any event, courts must proceed with great caution in supplying alleged omissions, and should do so only where the omission is "palpable," i.e., manifest or easily perceptible. 73 Am.Jur.2d, supra.
Having applied these rules to the statutory language in this case, we answer the certified question in the negative. We find the extent of the restrictive scope of the proviso to be in doubt. The facts of this case — the application of the substantive law of Alabama and the procedural law of Texas — from all appearances, was not in the mind of the legislature at the time of the enactment of the statute. Section 6-5-410 does not address the eventuality that underlying personal injury actions would be commenced outside the State of Alabama. Indeed, the defendants' historical analysis of § 6-5-410 supports this statement. Because we find the restrictive scope of the proviso to be in doubt, we must strictly construe its restrictive scope. Sutherland, supra. We must also adhere to the rule on omitted words, which compels this Court to proceed with caution in supplying omitted words and to supply them only where the omission is palpable. 73 Am.Jur.2d, supra. Applying a strict construction to the language of the proviso, we will restrict from the operation of § 6-5-410 only those actions that are expressly restricted; and, there can be no doubt that the proviso does not expressly preclude a personal representative from commencing an action in Alabama where the decedent had timely commenced a personal injury action for the same wrongful act or omission that caused the decedent's death. We also find that the legislature's omission of words that would mandate that the decedent must have been able to commence a personal injury action inAlabama is not palpable, and we conclude, therefore, that this Court should not, by construction, insert into the statute words that would have that effect.
Our holding in this case is consistent with this Court's decision in Textron, Inc. v. Whitfield, 380 So.2d 259
(Ala. 1979). In that case, the plaintiff filed a personal injury action in Alabama; then, while the defendant's motion to dismiss in that case was pending, the plaintiff filed an action based on the same injury in a federal district court in Vermont. The Alabama circuit court dismissed the plaintiff's action. Subsequently, the plaintiff filed a motion asking the Alabama circuit court to alter the judgment to read "without prejudice," in order not to affect the maintenance of his action in Vermont. The circuit court granted the motion, and this Court affirmed its decision. In so doing, we stated:
 "Whitfield's claim was dismissed because it was barred by the Alabama statute of limitations, a procedural matter. The dismissal was a bar to recovery in Alabama. Should Whitfield try to relitigate his claim in Alabama the defendants will, of course, have available to them the defense of the statute of limitations. But such a bar in Alabama should not bar Whitfield's substantive claim elsewhere. We are of the opinion that if the plaintiff can present his claim elsewhere, in a jurisdiction which has a longer or different statute of limitations, and prevail on the merits of his claim, he should have that opportunity. Sack v. Low, 478 F.2d 360
(2d Cir. 1973)."
380 So.2d at 266.
In deciding as we do in this case, we also note the decision of the United States District Court for the Western District of Virginia in Riddle v. Shell Oil Co., (W.D.Va., 88-0505-R, September 21, 1990) (unpublished memorandum opinion). In that case, the plaintiff's decedent, a Virginia resident who had been exposed to hazardous chemicals, timely filed in a federal district court in Mississippi a personal injury action that *Page 286 
would have been time-barred in Virginia, the state whose substantive law applied. The action was transferred to the federal district court in Virginia. Thereafter, the plaintiff's decedent died and the plaintiff attempted to convert the personal injury action to a wrongful death action. The defendants argued that a valid foreign personal injury action may not be converted to a Virginia wrongful death action unless it was commenced within Virginia's two-year limitations period. That court held that because nothing in the Virginia Code requires the pending personal injury action to be viable in Virginia, the plaintiff could maintain a wrongful death action in Virginia.
The defendants argue that to answer the certified question in the negative is to render meaningless the limitation that the proviso places on wrongful death actions. The rule on omitted words states that in order to prevent a statute from becoming a nullity words may be supplied by the courts and inserted into the statute. 73 Am.Jur.2d, supra; State v. Calumet HeclaConsol. Copper Co., supra. However, in this case, the defendants' argument is without merit. The proviso in §6-5-410 allows defendants in wrongful death cases to assert defenses other than the limitations defense. All defenses available to defendants in actions that would have been brought against them had the injury not caused death are available to defendants in wrongful death actions. Woodward Iron Co. v.Craig, 256 Ala. 37, 53 So.2d 586 (1951). For example, defendants in wrongful death cases may argue that the decedent had previously recovered a judgment for the same injury; that the decedent had previously accepted full settlement and relieved the defendants of all further liability; and that the plaintiff was contributorily negligent. Woodward IronCo., supra. Moreover, if the decedent could not have timely filed a personal injury action in Alabama or in another state had death not occurred, then the defendants could have argued that, under the proviso in § 6-5-410, the wrongful death action in Alabama was barred. See Northington v.Carey-Canada, Inc., 432 So.2d 1231 (Ala. 1983);Woodward Iron Co., supra. Therefore, answering the certified question in the negative does not render meaningless the proviso in § 6-5-410.
Based on the foregoing, we hold that the decedent's inability to commence a personal injury action in Alabama had death not occurred does not preclude his personal representative from converting his existing personal injury action filed in Texas into a wrongful death action under Ala. Code 1975, §6-5-410.
QUESTION ANSWERED.
HORNSBY, C.J., and SHORES, ADAMS and INGRAM, JJ., concur.
HOUSTON and STEAGALL, JJ., concur in the result.
MADDOX and ALMON, JJ., dissent.