662 So.2d 910 (1994)
STATE of Alabama ex rel. E.K.D.
v.
M.R.W. and R.K.D.
AV92000695.
Court of Civil Appeals of Alabama.
June 17, 1994.
Rehearing Denied July 29, 1994.
*911 William Prendergast and Mary E. Pons, Asst. Attys. Gen., for Dept. of Human Resources.
Gerald Mack Freeman, Moody, for Appellees.
ROBERTSON, Presiding Judge.
This paternity case involves the 5-year statute of limitations for bringing a paternity action as set out in § 26-17-6(a), Ala.Code 1975.
On April 22, 1992, E.K.D. (mother) filed an action in the Juvenile Division of the St. Clair County District Court alleging that M.R.W. was the father of A.L.D., her minor child. M.R.W. moved to dismiss on the ground that the statute of limitations had run. The motion was granted by the juvenile court.
An appeal was taken to the St. Clair County Circuit Court. On August 24, 1992, the petition was amended, adding R.K.D. (the mother's husband and the presumed father of the minor child) as a defendant and requesting that the trial court establish the paternity of the minor child.
The case was submitted to the trial court on the pleadings and affidavits. The trial court entered a judgment, again granting M.R.W.'s motion to dismiss.
Following the denial of a post-judgment motion, the mother appeals, raising the issue of whether the statute of limitations contained in § 26-17-6(a), Ala.Code 1975, bars an action against an alleged father brought more than five years after the child's birth where there is a presumed father under § 26-17-5(a), Ala.Code 1975.
Section 26-17-6(a), Ala. Code 1975, states: "A child, a child's natural mother, or a man presumed to be its father under subdivision (1), (2), or (3) of Section 26-17-5(a), may bring an action within five years of the birth of said child for the purpose of declaring the existence of the father and child relationship presumed under subdivision (1), (2), or (3) of Section 26-17-5(a)...."
Section 26-17-5(a), Ala. Code 1975, states:
"(a) A man is presumed to be the natural father of a child if:
"(1) He and the child's natural mother are or have been married to each other and the child is born during the marriage, or within 300 days after the marriage is terminated by death, annulment, declaration of invalidity, or divorce, or after a decree of separation is entered by a court;
"(2) Before the child's birth he and the child's natural mother have attempted to marry each other by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid, and
"a. If the attempted marriage may be declared invalid only by a court, the child is born during the attempted marriage, or within 300 days after the termination of the attempted marriage by death, annulment, declaration of invalidity, or divorce; or
"b. If the attempted marriage is invalid without a court order, the child is born within 300 days after the termination of cohabitation;
"(3) After the child's birth, he and the child's natural mother have married, or attempted to marry, each other by a marriage solemnized in apparent compliance with the law although the attempted marriage is or could be declared invalid, and

*912 "a. He has acknowledged his paternity of the child in writing, such writing being filed with the appropriate court or the Bureau of Vital Statistics; or
"b. With his consent, he is named as the child's father on the child's birth certificate; or
"c. He is otherwise obligated to support the child either under a written voluntary promise or by court order;
"(4) While the child is under the age of majority, he receives the child into his home or otherwise openly holds out the child as his natural child; or
"(5) He acknowledges his paternity of the child in a writing filed in accordance with provisions of the legitimation statute."
The facts in this case are clearly set out in the trial court's judgment as follows:
"2. That on January 26, 1986, [E.K.D.] was diagnosed to be pregnant. That [R.K.D.] first met [E.K.D.] in April of 1986 at which time said [E.K.D.] was several months pregnant.
"3. [E.K.D. and R.K.D.] were married in August, 1986, and were still married and living together as of the date of the petition. All other facts alleged in the [mother's] petition for paternity, as amended, and [R.K.D.'s] affidavit are presumed by this court to be true.
"4. That on or about September 11, 1986 [the minor child] was born to [E.K.D.] during her marriage to [R.K.D.]. That the birth certificate of said minor child reflects the father of said child to be [R.K.D.] and [E.K.D.] to be the natural mother and said [R.K.D.] and [E.K.D.] are obligated to provide support for the said minor child and have been supporting said child.
"5. The fact that [E.K.D.] was pregnant at the time of her marriage to [R.K.D.] without his agency, did not destroy the usual presumption in a paternity case that the child born to a married woman is the child of the mother's husband. Ex parte Martin, 565 So.2d 1 (Ala.1989).
". . . .
"7. [R.K.D.] is a presumed father pursuant to § 26-17-5, Code of Alabama 1975.
"8. All cases which arise under the presumption of the existence of the parent/child relationship which results from a marriage have a five year statute of limitations which [applies] to them. That [M.R.W.] has not provided food, clothing, gifts, or financial support for the child. [M.R.W.] has not lived with the child or visited with the child since the child's birth....
"9. That the above-styled matter was filed on April 28, 1992, over five years after the birth of the child on September 11, 1986.
"10. That [M.R.W.'s] Motion to Dismiss based on the statute of limitations is due to be granted."
The facts of this case are clearly within the parameters of § 26-17-5(a)(1), Ala. Code 1975. The child was born during the mother's marriage to R.K.D., he is listed on the child's birth certificate as the father, and R.K.D. has been the child's presumed father during the child's lifetime. Section 26-17-6(a) "carries with it a five-year period of limitations, which had already expired before this action was brought." Ex parte Presse, 554 So.2d 406, 412 (Ala.1989).
The legislature placed a five-year period of limitations on bringing an action when the child has a presumed father. "If a statute is not ambiguous or unclear, the courts are not authorized to indulge in conjecture as to the intent of the Legislature or to look to consequences of the interpretation of the law as written." Ex parte Presse, 554 So.2d at 411 (citing Clark v. Houston County Comm'n, 507 So.2d 902 (Ala.1987)). Our supreme court has held that § 26-17-6(a) is clear and unambiguous and that it carries with it a five-year period of limitations within which to bring an action. Ex parte Presse. "The decisions of the supreme court shall govern the holdings and decisions of [this court]." § 12-316, Ala.Code 1975. Consequently, we must hold that the mother's petition was untimely filed.
Notwithstanding, when a child has no presumed father under subdivision (1), (2), or (3) of § 26-17-5(a), a paternity action may be brought at any time for the purpose of determining *913 the father and child relationship. Ex parte Presse; § 26-17-6(b), (c), Ala.Code 1975.
Section 26-17-6(b) states: "Any interested party may bring an action at any time for the purpose of determining the existence or non-existence of the father and child relationship presumed under subdivision (4) or (5) of Section 26-17-5(a)." In this case, M.R.W. had not received the child into his home, had not openly held out the minor child as his natural child, nor acknowledged paternity of the minor child in a writing filed in accordance with the provisions of the legitimation statute. Therefore, this paternity action could not be brought pursuant to § 26-17-6(b), Ala.Code 1975.
Furthermore, a paternity action may be brought pursuant to § 26-17-6(c), Ala. Code 1975. That code section states:
"An action to determine the existence of the father and child relationship with respect to a child who has no presumed father under Section 26-17-5 may be brought by the child, the mother, or personal representative of the child, the public authority chargeable by law with support of the child, the personal representative or a parent of the mother if the mother has died, a man alleged or alleging himself to be the father, or the personal representative or a parent of the alleged father if the alleged father has died or is a minor."
Section 26-17-6(c) applies to situations where the minor child has no presumed father, and the 5-year statute of limitations does not apply; however, it has no application to this case.
Based on the clear language of § 26-17-6(a), Ala.Code 1975, and our supreme court's opinion in Ex parte Presse, we hold that the trial court properly dismissed this action. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
THIGPEN, J., concurs in the result.
YATES, J., dissents.
YATES, Judge, dissenting.
I believe that the trial court erred in dismissing the action. This Court's interpretation of Ala.Code 1975, § 26-17-6(a), as an affirmative defense for persons in the position of M.R.W. is contrary to the legislative intent and public policy. The ultimate goal of the Alabama Uniform Parentage Act is to promote full equality for children. See Ala. Code 1975, § 26-17-1. I do not believe that it was the intent of the Legislature in enacting the five-year limitations period under § 26-17-6(a) to provide biological fathers with a shield to avoid their duty to support their children. I cannot condone this interpretation by the Court; therefore, I respectfully dissent.