STUART, Justice.
Studio 205, Inc. (“Studio 205”), appeals from the trial court’s denial of its petition seeking to enjoin the City of Brewton (“Brewton”) from removing five billboards belonging to Studio 205 that allegedly violated Brewton’s zoning ordinances. Initially, the trial court entered a temporary restraining order prohibiting Brewton from removing the billboards. However, at the conclusion of a bench trial, the trial court entered a final order denying the petition for a permanent injunction as to four of the five billboards. Brewton does not cross-appeal as to that part of the trial *87 court’s order enjoining Brewton from removing one of the five billboards.

Facts

Studio 205 owns five outdoor off-premises signs, i.e., billboards, located within the police jurisdiction of Brewton. Each sign consists of three vertical poles inserted into the ground, two horizontal 2x6 wooden boards (“stringers”), which are 24 feet long and attached to the vertical poles, and the sign-message board (“the face”). The face consists of light-gauge metal panels attached to the stringers by clips. The five billboards had been in place for approximately 30 years at the time the present litigation began. In 1992, Brewton adopted a zoning ordinance regulating such signs; the ordinance “grandfathered” in existing signs, such as those belonging to Studio 205, even though they did not conform to the size or location requirements of the ordinance. The ordinance provided that the nonconforming signs could remain in place unless they were “destroyed” or became “fifty (50) percent or more structurally deteriorated as determined by the building inspector.” The ordinance provided that, if either of those events occurred, any replacement sign would be required to conform to the size and location requirements of the ordinance.
In September 2004, Studio 205’s billboards were damaged by Hurricane Ivan. Thereafter, Studio 205 rebuilt the signs without obtaining a permit from Brewton. Brewton requested that Studio 205 remove the rebuilt signs because Brewton believed, that the repairs to the signs were in violation of the ordinance. However, Studio 205 believed that the signs had not been “destroyed” or “fifty (50) percent or more structurally deteriorated” and, thus, that the signs were still within the grandfathering provision and exempt from the size and location requirements of the ordinance.
All the billboards the trial court declared to be “destroyed” or “fifty (50) percent or more structurally deteriorated” had had the entire face and at least one stringer replaced as a result of the damage caused by Hurricane Ivan. Three of the billboards had had one of the vertical poles replaced. Brewton’s building inspector testified that, in his opinion, the signs had either been destroyed or been rendered 50 percent structurally deteriorated as a result of the hurricane damage. He testified that he calculated the percentage of structural deterioration to an entire sign by assigning 45% to the face, 10% to the stringers, and 45% to the poles and then determining the percentage of structural deterioration to each part. He also testified that his definition of “destroyed” included extensive damage, including “pieces of the sign laying on the ground,” but he did not believe that something had to be beyond repair to be “destroyed.”

Standard of Revieiv

The parties dispute the standard of review this Court should apply on appeal. Brewton argues that whether the billboards were “destroyed” or became “fifty (50) percent or more structurally deteriorated” is purely a factual determination and, thus, that the trial court’s decision enjoys a presumption of correctness on appeal. .However, it appears that Studio 205 is not attempting to appeal based on any factual determinations made by the trial court, but is arguing only that the trial court misinterpreted the zoning ordinance. The trial court’s interpretation of the provisions of a statute or an ordinance is a determination of law, which is not entitled to a presumption of correctness on appeal. Clark v. Houston County Comm’n, 507 So.2d 902, 903 (Ala.1987).

Issue and, Analysis

Studio 205 contends that the trial court misinterpreted the ordinance, which allows *88 nonconforming signs in existence on the date the ordinance was adopted to continue to exist as nonconforming signs subject to certain conditions. Specifically, Studio 205 argues that its billboards were not “destroyed” or “fifty (50) percent or more structurally deteriorated” and, thus, that Studio 205 was not required to rebuild the signs in conformance with the ordinance. Studio 205 explicitly states that, unlike similar cases decided by this Court, Studio 205 is not arguing that the terms of the ordinance are unconstitutionally vague.
The ordinance provides:
“§ 10.72. Nonconforming Signs. Any sign in existence on the date of adoption of this ordinance that is not in conformance with the requirements of this ordinance shall be considered a nonconforming sign and shall be permitted to continue to exist subject to the following conditions:
“If any nonconforming sign is removed or destroyed or becomes fifty (50) percent or more structurally deteriorated as determined, by the building inspector, then the replacement sign shall be in conformance with the requirements of this ordinance.”
(Emphasis added.)
The ordinance does not define the terms “destroyed” or “fifty (50) percent or more structurally deteriorated,” but the ordinance does define what constitutes a “sign.” A “sign” is
“[a]ny words, lettering, parts of letters, figures, numerals, phrases, sentences, emblems, devices, designs, trade names, or marks, or combinations thereof, by which anything is made known, such as the designation of an individual, a firm, an association, a profession, a business, a commodity, or product which are visible from any public way and used as an outdoor display, including any base or supporting structure.”
This Court has set forth the standard for interpreting such ordinances, as follows:
“City ordinances are subject to the same general rules of construction, as are acts of the Legislature. S & S Distrib. Co. v. Town of New Hope, 334 So.2d 905 (Ala.1976). In John Deere Co. v. Gamble, 523 So.2d 95, 99-100 (Ala.1988), this Court, quoting Clark v. Houston County Comm’n, 507 So.2d 902, 903-04 (Ala.1987), set out the following general rules of statutory construction, which also apply to the construction of municipal ordinances:
“ ‘ “The fundamental rule of statutory construction is to ascertain and give effect to the intent of the [city council] in enacting the [ordinance]. Advertiser Co. v. Hobbie, 474 So.2d 93 (Ala.1985); League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). If possible, the intent of the [city council] should be gathered from the language of the [ordinance] itself. Advertiser Co. v. Hobbie, supra; Morgan County Board of Education v. Alabama Public School & College Authority, 362 So.2d 850 (Ala.1978). If the [ordinance] is ambiguous or uncertain, the court may consider conditions which might arise under the provisions of the [ordinance] and examine results that will flow from giving the language in question one particular meaning rather than another. Studdard v. South Central Bell Telephone Co., 356 So.2d 139 (Ala.1978); League of Women Voters v. Renfro, supra.” ’ ”
Ex parte City of Orange Beach Bd. of Adjustment, 833 So.2d 51, 55-56 (Ala.2001).
In the present case, this Court must ascertain and then give effect to the intent of the Brewton City Council in en *89 acting the ordinance and providing for its enforcement. This intent is clear on the face of the ordinance; thus, this Court need not go beyond the language of the ordinance itself. The ordinance unambiguously provides that the building inspector has the discretion to decide whether a sign is destroyed or 50 percent or more structurally deteriorated and that, if either of those events occurred, then any replacement sign must conform to the size and location requirements of the ordinance.
The trial court’s interpretation of the ordinance was correct. The trial court relied on the building inspector’s testimony that the four billboards were either destroyed or 50 percent or more structurally deteriorated, including the inspector’s explanation of how he reached this decision; the court then reviewed photographs of the billboards taken after the hurricane damage to ensure that the inspector’s decision was not arbitrary or unreasonable in light of the language of the ordinance. This action by the trial court is fully consistent with the intent of the Brewton City Council; thus, it is a proper interpretation of the ordinance.
In its argument to this Court, Studio 205 never addresses the discretion granted the building inspector by the ordinance. Studio 205’s only argument concerns the definitions of “destroyed” and “fifty (50) percent or more structurally deteriorated.” Studio 205 argues that it is unreasonable to construe the damage to its billboards as falling within either of those terms.
The common meaning of the word “destroy” includes “to ruin the structure, organic existence, or condition of ...; also: to ruin as if by tearing to shreds.” Merriam-Webster’s Collegiate Dictionary 339 (11th ed.2003). In the present case, it is undisputed that every billboard in question had, at least, its face and stringers ruined. According to the definition of a “sign” given in the ordinance, the face and stringers would constitute parts of the sign. Therefore, a decision by the building inspector that a sign is “destroyed” based on the fact that the face and stringers are completely ruined is not unreasonable, particularly in light of the building inspector’s testimony that the those parts constitute 55% of the structure.
With regard to whether the billboards were “fifty (50) percent or more structurally deteriorated,” Studio 205 makes much of the adverb “structurally.” Studio 205 interprets the insertion of the adverb to mean that the city council could have been referring only to damage to the vertical poles that support the face and stringers because, allegedly, “[i]mplicit in the term ‘structure’ is the concept of a supporting framework.” (Studio 205’s brief at p. 17.) Studio 205 argues that none of the damaged billboards could be 50 percent or more structurally deteriorated because not more than one out of the three vertical poles were destroyed on any one billboard. However, when the ordinance is viewed as a whole, Studio 205’s interpretation is far from the plainest interpretation. The ordinance states that “[i]f any nonconforming sign ... becomes fifty (50) percent or more structurally deteriorated ... then the replacement sign shall be in conformance with the requirements of this ordinance.” The ordinance does not state that if any nonconforming vertical supporting poles become 50 percent or more structurally deteriorated then the replacement sign shall be in conformance with the requirements of this ordinance. The ordinance specifically defines a “sign” to include not only the supporting vertical poles, but also the face of the sign and other structures that support the face (i.e., the stringers). Therefore, if all of these items viewed as a whole become 50 percent or more structurally deteriorated *90 then the replacement sign must be constructed in conformance with the size and location requirements of the ordinance. This interpretation appears to be the one applied by the building inspector and accepted by the trial court, and it is the plainest interpretation. Therefore, Studio 205 has not set forth any valid reason to reverse the trial court’s judgment.

Conclusion

The judgment of the trial court is affirmed.
AFFIRMED.
COBB, C.J., and LYONS, BOLIN, and MURDOCK, JJ, concur.