**REL:11/21/2014**

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

OCTOBER TERM, 2014-2015

_____

1130851

_____

Mark Trenier

v.

City of Prichard and Troy Ephriam, Mayor

Appeal from Mobile Circuit Court
(CV-13-901796)

BOLIN, Justice.

Mark Trenier appeals from the trial court's summary judgment in favor of the City of Prichard and its mayor, Troy Ephriam. We affirm.

## I. Facts and Procedural History

The facts in this case are undisputed.  This appeal involves a dispute over the interpretation of § 11-43C-38(a), Ala. Code 1975, which governs the appointment and removal from

1130851

office of fire chiefs and police chiefs in Class 5 municipalities such as the City of Prichard. Section 11-43C-38(a) provides:

> "There are hereby created three divisions of city government: Public works, finance, and public safety. The mayor shall appoint department heads to the above divisions. Upon the first vacancy, of any nature whatsoever, in the office of police chief or fire chief, <u>the mayor may appoint the police chief and fire chief, respectively, from outside the said merit system, with the approval of four members of the council who shall serve at the pleasure of the mayor; provided, however, such officers shall be removed from office only upon recommendation of the mayor with the approval of four council members.</u>"

(Emphasis added.)

On April 19, 2007, Trenier and Ronald K. Davis, then the mayor of the City of Prichard, executed a proposed employment agreement in which Trenier agreed to provide services as the Prichard Fire Chief for a term of five years, commencing April 19, 2007. On this same date, the five-member Prichard City Council unanimously approved the agreement, and Trenier became the duly appointed fire chief for the City of Prichard in accordance with § 11-43C-38(a). The "Time of Performance" section of the employment agreement expressly states that Trenier would provide services for five years:

2

1130851

> "The CHIEF shall commence performance of this Agreement and the rendering of services required hereunder for a period of five (5) years commencing upon the execution of the Agreement by the CITY. The services shall be undertaken in such sequence as to assure the proper and expedient achievement of the objectives of this Agreement for the period of time stated herein. In no event shall the completion dates of times stated herein, if any, be extended, except in accordance with the provisions of the Amendments Section."

(Capitalization in original.)

The "Compensation" section of the employment agreement contains language confirming that the agreement was for a limited term, subject to expiration, termination, or renewal:

> "The CITY agrees to provide the CHIEF fifteen (15) sick days per year for the <u>duration</u> of this Agreement. ...

> "All unused sick time and vacation time will be paid by the City to the CHIEF at the <u>expiration and/or termination of this Agreement</u>. <u>In the event that this Agreement is renewed or extended</u> pursuant to the mutual agreements of the parties, the CHIEF, at his sole option, may continue to accumulate sick and vacation time <u>until such renewal period expires</u>."

(Capitalization in original; emphasis added.)

The mayoral election for the City of Prichard was held in October 2012, at which time Troy Ephriam, who had served on the city council, was elected mayor of the City of Prichard, defeating Mayor Davis. Before the conclusion of his mayoral

3

term in 2012, Mayor Davis on two separate occasions attempted to have the city council approve subsequent employment agreements for Trenier and to have him reappointed as the fire chief; both attempts, however, were unsuccessful. Although Trenier's employment agreement expired on April 19, 2012, he continued to serve as fire chief until April 8, 2013, at which time newly elected Mayor Ephriam notified him that his employment was officially terminated.

On July 16, 2013, Trenier filed a complaint against Mayor Ephriam in his official capacity, as well as against the City of Prichard, alleging a violation of his employment rights under § 1l-43C-38(a) and seeking damages as a result thereof. Specifically, Trenier alleged that Mayor Ephriam had unilaterally terminated Trenier's employment without any "recommendation" and without the approval of four city-council members pursuant to § 11-43C-38(a). Mayor Ephriam and the City of Prichard filed a joint motion for a summary judgment supported by, among other things, the affidavit of Mayor Ephriam, who testified as follows regarding the events leading up to Trenier's discharge:

> "1. My name is Troy Ephriam, the duly elected Mayor of the City of Prichard, and I am familiar

4

with the facts and circumstances surrounding the former employment of Mark Joseph Trenier as the Fire Chief of the City of Prichard, as well as the events giving rise to [Trenier's] Complaint in this matter.

"2. Prior to being elected Mayor of the City of Prichard, I was duly elected and served as a Prichard City Councilman, representing District Four, from 2001 until my election as Mayor in October 2012.

"3. Under Alabama Code § 11-43C-38(a) (1975), the Prichard City Council is required to approve any appointment made by the Mayor of the City of Prichard for the position of fire chief.

"4. In making such appointments, it is an accepted practice for the Mayor of the City of Prichard to utilize employment contracts which enumerate the terms under which an appointee for the position of fire chief will serve. Additionally, it is an accepted practice for the Mayor of the City of Prichard, and the Prichard City Council, to utilize employment agreements for a specific, limited term to effectuate the appointment and removal process of a fire and police chief under Alabama Code § 11-43C-38 (1975).

"5. On April 19, 2007, I was serving as a duly elected member of the City Council for the City of Prichard, representing the citizens of District Four.

"6. On or about April 19, 2007, former Mayor Ron Davis and Mark Joseph Trenier signed a proposed employment agreement, in which Mark Trenier agreed to provide services as Chief of the Prichard Fire Department.

"7. The Agreement provided that Mark Trenier would commence performance under the Agreement upon

execution by the City of Prichard, for a period of five (5) years.

"8. After the Agreement was signed by former Mayor Davis and Mark Trenier, it was submitted to the Prichard City Council for review and approval, and the Prichard City Council accordingly considered a motion to approve the proposed Agreement on April 19, 2007.

"9. As reflected in the Prichard City Council minutes for April 19, 2007, the Prichard City Council unanimously carried the motion, and approved the proposed Agreement between the City of Prichard and Mark Trenier.

"10. At the time the City Council entertained the motion to approve the proposed 2007 Employment Agreement between Mark Trenier and the City of Prichard, it was my understanding that the motion was to approve the explicit terms of the Agreement, including its provisions limiting Mark Trenier's employment to a term of five (5) years.

"11. I further understood that no additional vote, motion, or other action on behalf of the Prichard City Council was necessary to terminate the employment of Mark Trenier after the expiration of the Agreement's five-year term. More particularly, I understood that the proposed Agreement was meant to serve as the Council's approval of both the initiation and conclusion of Mr. Trenier's employment in the position of fire chief.

"12. Former Mayor Ron Davis made two (2) unsuccessful attempts to have subsequent employment contracts for Mark Trenier approved prior to the conclusion of his mayoral term in 2012, and to have Mark Trenier re-appointed as fire chief.

"13. On March 22, 2012, prior to former Mayor Davis's defeat in the 2012 Prichard mayoral

election, the Prichard City Council considered a motion to approve a subsequent employment agreement between Mark Trenier and the City of Prichard, identical to the agreement previously approved on April 19, 2007. The March 22, 2012, motion to approve the additional employment contract of Mark Joseph Trenier failed to carry, gaining only two (2) of the required four (4) 'yea' votes necessary to approve the contract.

"14. On October 25, 2012, two days after I defeated former Mayor Davis in the 2012 Prichard mayoral runoff, the Prichard City Council again considered a motion to approve an identical employment agreement, and to approve the re-appointment of Mark Trenier as fire chief. The October 25, 2012, motion also failed to gain the requisite four (4) City Council votes necessary to carry the motion.

"15. Due to my participation as a candidate in the 2012 Prichard mayoral elections, I abstained from both the March 22, 2012, and October 25, 2012, votes.

"16. After I assumed the office of Mayor of the City of Prichard, I allowed Mark Trenier to continue carrying out the duties of Prichard Fire Chief on a probationary and/or interim basis. On multiple occasions, I discussed with Mark Trenier that he remained employed solely on a probationary and/or interim basis, pending a thorough review of the Prichard Fire Department by my administration, including interviews with employees and an assessment of the department's leadership. I made it clear to Mark Trenier that I would not submit my recommendation to the city council for his renewal and/or re-appointment as fire chief unless I was satisfied with his leadership after the departmental review. I further informed Mark Trenier that I would not submit him as a candidate for re-appointment to the Prichard City Council if I determined that the

City of Prichard was [not] best served by his continued leadership of the Fire Department.

"17. During this interim period, Mark Trenier never raised an objection to his status as probationary and/or interim fire chief, [to] the position that his tenure as fire chief had expired under the terms of his 2007 Employment Agreement as approved by the Prichard City Council, or [to the fact] that his re-appointment may not be submitted to the city council for approval after a departmental review by my administration.

"18. After a thorough review of the state of the Prichard Fire Department, including interviews with employees and an assessment of the department's leadership, I determined that it was not in the best interest of the City of Prichard that Mark Trenier be submitted for re-appointment as fire chief. More particularly, I determined that Mark Trenier's leadership of the Prichard Fire Department had become ineffective, and that his re-appointment was not advocated."

Trenier also filed his own motion for a partial summary judgment on the issue of liability, supported by his verified complaint as well as documents proffered by Mayor Ephriam and the City of Prichard in support of their jointly filed motion for a summary judgment. The trial court conducted hearings on January 10, 2014, and February 28, 2014, and thereafter entered a summary judgment in favor of Mayor Ephriam and the City of Prichard. Trenier appealed.

## II. Standard of Review

"'We review the trial court's grant or denial of a summary judgment motion de novo.' Smith v. State Farm Mut. Auto. Ins. Co., 952 So. 2d 342, 346 (Ala. 2006) (citing Bockman v. WCH, L.L.C., 943 So. 2d 789 (Ala. 2006)). A summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. If the movant meets this initial burden, the burden then shifts to the nonmovant to present 'substantial evidence' showing that a genuine issue of material fact exists. Ex parte Alfa Mut. Gen. Ins. Co., 742 So. 2d 182, 184 (Ala. 1999). Substantial evidence is 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So. 2d 870, 871 (Ala. 1989). In determining whether a genuine issue of material fact exists, this Court views the evidence in the light most favorable to the nonmovant and resolves all reasonable doubts in favor of the nonmovant. Jones v. BP Oil Co., 632 So. 2d 435, 436 (Ala. 1993). Moreover, '[t]he trial court's ruling on a question of law carries no presumption of correctness, and this Court reviews de novo the trial court's conclusion as to the appropriate legal standard to be applied.' Dunlap v. Regions Fin. Corp., 983 So. 2d 374, 377 (Ala. 2007) (citing Ex parte Graham, 702 So. 2d 1215, 1221 (Ala. 1997))."

Chapman Nursing Home, Inc. v. McDonald, 985 So. 2d 914, 919 (Ala. 2007). Because the facts are undisputed, we are presented with a question of law, and our review is de novo.

### III. Discussion

On appeal, Trenier does not dispute that his appointment to the position of fire chief of the City of Prichard complied

9

1130851

with the requirements of § 11-43C-38(a); he does not dispute the validity of his employment agreement; and he does not dispute that Mayor Ephriam had a right to seek his removal from that position. Instead, he challenges Mayor Ephriam's "unilateral" exercise of that right of removal. Specifically, he argues that Mayor Ephriam was required to follow the removal mandates of § 11-43C-38(a), which state that a fire chief "shall be removed from office only upon recommendation by the mayor with the approval of four council members." (Emphasis added.) According to Trenier, once the city council voted on April 19, 2007, to approve his appointment as fire chief, the position remained his until he either resigned or was removed from office by at least four members of the city council based upon a recommendation of the mayor. Trenier further asserts that the existence of an employment agreement within the context of a statutory appointment of a fire chief or a police chief does not alter the fact that four votes are necessary for removal of that chief.[1] Mayor Ephriam and the City of Prichard, on the other

_____

[1]We note that neither Trenier nor Mayor Ephriam and the City of Prichard have provided this Court with any argument concerning whether a governing body such as the city council or the mayor has the authority to have an appointed, at-will,

10

hand, assert that it was common practice on the part of the mayor and the city council to use employment agreements for specific limited terms to effectuate both the appointment and removal mandates of § 11-43C-38(a) and that once the city council voted to approve Trenier's agreement for a limited term, no further action was needed to remove him from office in the event he was not reappointed.

The facts of this case are undisputed, and the issue is a pure question of law regarding the interpretation of the § 11-43C-38(a). Specifically, the issue is whether the city council was required to follow the removal mandates stated in § 11-43C-38(a) after Trenier's employment agreement had expired. In other words, did the city council's initial action of approving Trenier's agreement, which by its very terms was to expire on April 19, 2012, impliedly satisfy the removal mandates of the statute? It has been brought to this Court's attention by the parties and the trial court that the City of Prichard is the only Alabama municipality subject to the provisions of Chapter 43C of Title 11 and that there are

position, such as a fire chief, made lawful through a multiyear contract for services. We further note that the term of Trenier's employment agreement exceeded Mayor Davis's term of office.

1130851

no appellate decisions discussing the application of § 11-43C-38(a) or otherwise addressing the hiring or firing of a fire chief under the statute. Accordingly, this Court will adhere to the following principles of statutory construction:

> "This Court has held that the fundamental rule of statutory construction is to ascertain and give effect to the intent of the Legislature in enacting a statute. IMED Corp. v. Systems Engineering Assocs. Corp., 602 So. 2d 344, 346 (Ala. 1992). If possible, a court should gather the legislative intent from the language of the statute itself. Advertiser Co. v. Hobbie, 474 So. 2d 93 (Ala. 1985). If the statute is ambiguous or uncertain, the court may consider conditions that might arise under the provisions of the statute and examine results that would flow from giving the language in question one particular meaning rather than another. Clark v. Houston County Comm'n, 507 So. 2d 902, 903-04 (Ala. 1987). The legislative intent may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained by its passage. Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So. 2d 687, 689 (Ala. 1991)(citing Ex parte Holladay, 466 So. 2d 956 (Ala. 1985))."

Norfolk Southern Ry. v. Johnson, 740 So. 2d 392, 396 (Ala. 1999).

We begin our discussion with the fact that the City of Prichard operates under a mayor-council form of government, which is governed by § 11-43C-1 et seq., Ala. Code 1975. Wilson v. Dawson, 590 So. 2d 263 (Ala. 1991). The mayor's

12

1130851

powers in a mayor-council form of government are defined in §

11-43C-37, which states, in pertinent part:

> "All executive powers of the city shall be
> vested in the mayor and the mayor shall be the head
> of the executive and administrative branches of the
> city government. ... The mayor shall be responsible
> for the proper administration of all affairs of the
> city, and, except as otherwise provided herein, he
> shall have the power and shall be required to:
>
> "(1) ....
>
> "(2) Appoint and remove, when necessary for the
> good of the service, all officers and employees of
> the city except those appointed by the council.
> Such appointment and removal of personnel are
> subject to any merit system provisions in effect at
> such time, except for those officers and employees
> who are exempted from the merit system by other
> section of this chapter."

(Emphasis added.) Mayor Davis appointed Trenier to the

position of fire chief of the City of Prichard pursuant to the

powers bestowed upon him by § 11-43C-37, and the appointment

complied with § 11-43C-38(a).

Although § 11-43C-38(a) makes no mention of a specific

term in office, nothing in the plain language of the statute

prohibits a city from using an employment contract with a

limiting term to satisfy the approval mandates of the statute,

which is precisely what occurred in this case. And, as

previously indicated in note 1, supra, none of the parties

13

challenges the mayor's or the city council's authority to enter into a multiyear contract with an appointed, at-will, employee for that employee's services. In fact, Mayor Ephriam stated in his affidavit that "it is an accepted practice for the Mayor of the City of Prichard to utilize employment [agreements] which enumerate the terms under which an appointee for the position of fire chief will serve." Accordingly, during the five-year term that Trenier served as fire chief pursuant to his employment agreement he was afforded the protections of § 11-43C-38(a), and his removal from that position could be effected "only upon recommendation of the mayor with the approval of four council members." Moreover, "contracts of employment that ... specify a definite period terminate by their own terms at the end of such period .... See Northrop v. Kirby, 454 F. Supp. 698, 701 (N.D. Ala. 1978)." Shirley v. Lin, 548 So. 2d 1329, 1332 (Ala. 1989)(emphasis added). Trenier admits in his brief in response to Mayor Ephriam and the City of Prichard's motion for a summary judgment that his five-year term under the employment agreement expired on April 19, 2012.

1130851

We now address the effect of the employment agreement as it relates to Trenier's continued employment as fire chief after its expiration. The trial court's action in granting Mayor Ephriam and the City of Prichard's motion for a summary judgment was based on its conclusion[2] that once Trenier's employment agreement had expired on April 19, 2012, there was no longer any need for the city council to ratify what it had already established by a prior vote, i.e., the approval of an agreement that would, by its terms, expire on April 19, 2012, and that, upon the expiration of the agreement, Trenier became

_____

[2]We note the trial court's action in entering a summary judgment in favor of Mayor Ephriam and the City of Prichard was primarily based on its conclusion that the appointment of fire chief under § 11-43C-38(a) cannot extend beyond the term of the appointing mayor, explaining that the fire chief's appointment and service "is inexorably linked to that of the appointing mayor" and "[t]his appointing authority is essential so that an incoming mayor's specific public safety directives may be properly carried out, and that his/or general executive, administrative, and supervisory powers may be properly executed." However, as properly noted by Trenier, had the legislature intended to limit the term of fire chief to the term of the appointing mayor, the legislature could have added language to this effect, but it did not. See Noonan v. East-West Beltline, Inc., 487 So. 2d 237, 239 (Ala. 1986)("It is not proper for a court to read into the statute something which the legislature did not include although it could have easily done so."). Accordingly, although the trial court's legal conclusion appears logical under the circumstances, this Court cannot not read into § 11-43C-38(a) something the legislature did not include. Id.

15

an at-will employee who served at the pleasure of Mayor Ephriam. We agree. The trial court's conclusion in this regard was guided by an order issued by Mobile Circuit Judge Charles A. Graddick in which Judge Graddick was presented with an identical issue as it related to the employment status of the chief of police for the City of Prichard. Judge Graddick's opinion is part of the record, and it provides a thorough analysis regarding the issue at hand:

> "The essential question is whether the mayor of a class 5 Municipality such as Prichard always needs approval of four members of the city council to appoint, reappoint, or remove a police chief. ...
>
> "....
>
> "In attempting to resolve the dispute over the statutory interpretation, the Court was unable to find any appellate opinions that directly address or even cite [§ 11-43C-38(a)]. The Court is similarly unaware of any Attorney General Opinion that sheds light on whether a city council in a Class 5 municipality has to vote to remove a police chief after a specific term in an employment contract has expired. The Court accordingly is of the opinion that the best guidance for answering this question comes from the general principles of employment contract law.
>
> "It is well settled that there are two types of employment contracts: at will employment and employment for a specific term or undertaking. 19 Williston on Contracts § 54:39 (4th ed.). If employment is for a specific term, the employee can only be fired for good cause, whereas an at will

16

employee can be fired for good, bad, or no cause. Id. This rule is followed in Alabama. Under employment at will, 'an employee may be discharged for any reason, good or bad, or even for no reason at all.' Johnson v. City of Marion, 743 So. 2d 481, 483 (Ala. Civ. App. 1999)(quoting Ex parte Amoco Fabrics & Fiber Co., 729 So. 2d 336, 339 (Ala. 1998)).

"It is clear that Gardner was originally an employee for a specific term. His contract contained a specific two-year term. Consequently, the Court finds that the City properly conceded that Gardner was entitled to protections of [§ 11-43C-38(a)] during the term of his employment. The Court agrees with the City's position that after the expiration of the term, the post of police chief was effectively vacant, and the next step was for the Mayor to appoint a new chief or reappoint Gardner and submit the choice to the council for a vote. However, even if Gardner's employment did continue for the one month he retained the position, he was at best an at will employee who served at the pleasure of the Mayor who is the appointment authority for the position of police chief. Under [§ 11-43C-37(2), Ala. Code 1975], the mayor has the power to 'appoint and remove, when necessary and for the good of the service, all officers and employees of the city except those appointed by the council.' Because Gardner's employment had lapsed after November 20, 2012, the Mayor needed to take action on submitting a name for police chief to the city council for the good of the city.

"Additionally, it is well settled that 'an employment contract for a fixed period terminates by its own terms.' Guyse v. Morgan County Bd. of Educ., 516 So. 2d 692, 693-94 (Ala. Civ. App. 1987). This principle makes Chief Gardner's interpretation of [§ 11-43C-38(a)] untenable. There was no evidence that the 2010 contract for a two-year term was to automatically renew itself unless the city

17

council voted otherwise by four votes. This principle suggests that [§ 11-43C-38(a)] does not contemplate or require a vote by the council to formalize the termination of all police chief contracts. Gardner correctly contends that if he resigned, the city council would not need to vote him out by four votes. Similarly, once his contract expired on November 20, 2012, there was no need for the council to vote retroactively to make this result take effect. That would render a formal express contract meaningless. It is well settled that this principle of contract law is more consistent with the city's position that the two-year express contract of November 2010, approved by the council, impliedly incorporated the four votes needed to remove Gardner on November 20, 2012, absent an earlier vote to the contrary. This is the more efficient result--there is no need to ratify what the city council had already established by a valid vote."

City of Prichard v. Gardner, (CV. No. 2012-902834.00, January 16, 2013)(emphasis added).

Further, although § 11-43C-38(a) does require that removal of an officer such as the fire chief be recommended and approved by four council members, nothing in the plain wording of the statute requires that that approval should or can be achieved in a specific manner. Instead, the statute requires only a recommendation of removal by the mayor and that the recommendation be approved by four council members. Accordingly, it is reasonable to conclude that Trenier's removal was "approved" once the city council voted (upon Mayor

18

Davis's recommendation) to approve the initial agreement, which by its very terms expired on April 19, 2012. Although not controlling, this conclusion is supported by Mayor Ephriam's unchallenged affidavit testimony that "it is an accepted practice for the Mayor of the City of Prichard, and the Prichard City Council, to utilize employment agreements for a specific, limited term to effectuate the appointment and removal process of a fire and police chief under [§ 11-43C-38(a)]." (Emphasis added.) Mayor Ephriam also testified that it was his understanding that "no additional vote, motion, or other action on behalf of the Prichard City Council was necessary to terminate the employment of Mark Trenier after the expiration of the Agreement's five-year term." In the absence of a controlling basis provided by Trenier to the contrary, this Court concludes that Mayor Ephriam and the City of Prichard's interpretation of the statute is reasonable and persuasive. Consequently, once Trenier's employment agreement expired on April 19, 2012, without a subsequent agreement being approved, he merely served at the pleasure of Mayor Ephriam, and his employment could be terminated at will by either the mayor or Trenier. See Ex parte Amoco Fabrics &

Fiber Co., 729 So. 2d 336, 339 (Ala. 1998) ("[I]n the absence of a contract providing otherwise, employment in this state is at-will, terminable at the will of either party. Under this doctrine, an employee may be discharged for any reason, good or bad, or even for no reason at all.").

Trenier also argues that "the City, acting through its Council and Mayor, by expressly allowing or acquiescing [to his] services as Fire Chief for one year following the end of the five-year term of the Agreement, should be estopped from claiming that the appointment is not governed by the requirements of [§ 11-43C-38(a)]." We find this argument to be without merit based on our conclusion that once Trenier's employment agreement expired, he merely served as fire chief at the pleasure of Mayor Ephriam, and his employment could be terminated at will by either him or Mayor Ephriam. Moreover, Mayor Ephriam testified as follows regarding Trenier's continued employment, which was clearly consensual:

> "16. After I assumed the office of Mayor of the City of Prichard, I allowed Mark Trenier to continue carrying out the duties of Prichard Fire Chief on a probationary and/or interim basis. On multiple occasions, I discussed with Mark Trenier that he remained employed solely on a probationary and/or interim basis, pending a thorough review of the Prichard Fire Department by my administration,

1130851

including interviews with employees and an assessment of the department's leadership. I made it clear to Mark Trenier that I would not submit my recommendation to the City Council for his renewal and/or re-appointment as fire chief unless I was satisfied with his leadership after the departmental review. I further informed Mark Trenier that I would not submit him as a candidate for re-appointment to the Prichard City Council if I determined that the City of Prichard was [not] best served by his continued leadership of the Fire Department.

"17. During this interim period, Mark Trenier never raised an objection to his status as probationary and/or interim fire chief, [to] the position that his tenure as fire chief had expired under the terms of his 2007 Employment Agreement as approved by the Prichard City Council, or [to the fact] that his re-appointment may not be submitted to the City Council for approval after a departmental review by my administration.

"18. After a thorough review of the state of the Prichard Fire Department, including interviews with employees and an assessment of the department's leadership, I determined that it was not in the best interest of the City of Prichard that Mark Trenier be submitted for re-appointment as fire chief. More particularly, I determined that Mark Trenier's leadership of the Prichard Fire Department had become ineffective, and that his re-appointment was not advocated."

(Emphasis added.) Trenier does not challenge on appeal Mayor Ephriam's affidavit testimony before the trial court. As further noted by Mayor Ephriam, Trenier never raised an objection to his status as probationary and/or interim fire

21

chief. Accordingly, Trenier is not entitled to any relief on this claim.

## IV. Conclusion

Trenier's employment agreement commenced on April 19, 2007, and extended for a limited term of five years; the city council unanimously approved the agreement for this limited term; the city council's approval complied with § 11-43C-38(a), which requires the approval of four council members; and once the employment agreement expired on its own terms on April 19, 2012, with no new employment agreement in place, Trenier continued serving as fire chief as an at-will employee at the pleasure of Mayor Ephriam, and his employment could be terminated by either Trenier or Mayor Ephriam. Ex parte Amoco Fabrics & Fiber Co., supra. Because nothing in the plain language of § 11-43C-38(a) prohibits the City of Prichard from using an employment agreement with a limited term for the purpose of satisfying both the approval and/or removal mandates of the statute, the city council's initial action approving the employment agreement that was due to expire on April 19, 2012, impliedly satisfied the removal mandates of § 11-43C-38(a), and it was unnecessary for the city council to

22

formalize what it had already approved, because requiring it to do so would be illogical and would produce the same result. Accordingly, the summary judgment in favor of Mayor Ephriam and the City of Prichard is affirmed.

AFFIRMED.

Murdock, Main, and Bryan, JJ., concur.

Moore, C.J., concurs in the result.