YATES, Judgé.
In September 1989, a Florida corporation deeded a parcel of land in Alabama to Ameri-gas Propane, Inc., a Pennsylvania corporation. Amerigas failed to pay taxes on the property, and the property was sold at a tax sale for $64.91 to Monty and Patricia Ervin on May 22, 1991. In June 1994, the probate judge of Geneva County deeded the property to the Ervins and they took possession by placing a “no trespassing” sign on the property and replacing locks on the gates.
Amerigas then moved for a temporary restraining order and sued, pursuant to § 40-10-83, Ala.Code 1975, for redemption of the land, alleging that it had never received actual notice of the tax sale and was not aware *544 until June 1994 that the property had been sold. Amerigas further contended that it had remained in continuous and uninterrupted possession of the property, maintaining and operating propane gas tanks there on a daily basis from September 1989 until June 1994, when the Ervins replaced the locks, thereby denying them entry. The trial court entered a temporary restraining order preventing the Ervins from denying Amerigas access to the property. After an ore tenus hearing, the trial court granted the redemption. The Ervins appeal, arguing that Amer-igas was not in possession and, therefore, they say, was not entitled to bring an action under § 40-10-83.
Tony Gibson, the district manager for Am-erigas, testified that Amerigas had kept the grass mowed, maintained the electrical power, posted a sign with Amerigas’s name and telephone number, and kept 'locks on the fence until the Ervins took possession. Further, he testified that he had had no reports from his truck drivers or anyone else that someone was claiming ownership of the property, until the Ervins notified him on June 12,1994.
Mr. Ervin testified that from May 1991 to June 1994 he “went on and off the property frequently” and that he considered himself to be the owner of the property. He further testified that he never knew that Amerigas was using the property, but that he did see tanks on the property, locks on the fence, and a sign containing Amerigas’s name and telephone number.
Section 40-10-83 provides:
“When the action is against the person against whom the taxes were assessed or the owner of the land at the time of the sale, his heir, devisee, vendee or mortgagee, the court shall, on motion of the defendant made at any time before the trial of the action, ascertain the amount paid by the purchaser at the sale and of the taxes subsequently paid by the purchaser, together with 12 percent per annum thereon, and a reasonable attorney’s fee for the plaintiffs attorney for bringing the action, and shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed.”
“Although the Code section itself speaks only in terms of the original owner raising redemption as a defensive matter in an action brought by the tax purchaser, this Court has held that an owner in possession need not wait to be sued, but may bring an original bill to quiet title.” Karagan v. Bryant, 516 So.2d 599, 600 (Ala.1987) (citations omitted).
“[T]he purpose of § 40-10-83 is to preserve the right of redemption without a time limit, if the owner of the land seeking to redeem has retained possession. This possession may be constructive or scrambling, and, where there is no real occupancy of the land, constructive possession follows the title of the original owner and can only be cut off by the adverse possession of the tax purchaser.
“Code 1975, § 40-10-82, [establishes] a ‘short statute of limitations’ for tax deed cases.
This section states that the redemption action must be filed within three years from the date when the purchaser became entitled to demand a deed for the property. We have held that this statute does not begin to run until the purchaser is in adverse possession of the land and has become entitled to demand a deed to the land. In order for the short period of § 40-10-82 to bar redemption under § 40-10-83, the tax purchaser must prove continuous adverse possession for three years after he is entitled to demand a tax deed. This statute applies to cases where the land is purchased from the State, as well as to instances where the purchase is made from the tax collector.”
Gulf Land Co. v. Buzzelli, 501 So.2d 1211, 1213 (Ala.1987) (citations omitted).
We conclude that Amerigas was in possession of the property when the Ervins began their acts of possession in June 1994. Amer-igas sought to redeem in August 1994. Even *545 if the Ervins’ acts amounted to adverse possession, the three years of continuous adverse possession had not run. Amerigas was entitled to redeem the property.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.