Rel: February 7, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2024-0343

_____

### Howard Ross

### v.

### Deborah Whitfield, as personal representative of the Estate of Gary T. Whitfield, deceased

### Appeal from Madison Circuit Court
### (CV-23-900518)

EDWARDS, Judge.

On May 12, 2023, Deborah Whitfield, as the personal representative of the estate of Gary T. Whitfield, who is deceased, commenced an action in the Madison Circuit Court ("the trial court"), seeking to judicially redeem and to quiet title to a parcel of real property

that had been purchased by Howard Ross at a tax sale in May 2019 ("the property"). Ross answered the complaint and filed a motion for a summary judgment, arguing that Whitfield's action was barred by Ala. Code 1975, § 40-10-82. Whitfield responded to the summary-judgment motion and filed her own motion for a summary judgment. On December 13, 2023, the trial court granted Whitfield's summary-judgment motion, specifically determining that Whitfield's action had been timely filed, and entered a judgment in favor of Whitfield, permitting her to redeem the property upon payment of certain amounts. Ross filed a postjudgment motion, and, after that motion was denied by operation of law, he filed a timely appeal to this court. We affirm the trial court's judgment.

Our review of a trial court's entry of a summary judgment is de novo; that is, we apply the same standard as was applied by the trial court. Ex parte Ballew, 771 So. 2d 1040, 1041 (Ala. 2000). Rule 56(c)(3), Ala. R. Civ. P., provides that a motion for a summary judgment is to be granted when no genuine issue of material fact exists, and the moving party is entitled to a judgment as a matter of law. Generally, a party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled

to a judgment as a matter of law." Rule 56(c)(3); see Lee v. City of Gadsden, 592 So. 2d 1036, 1038 (Ala. 1992). If the movant meets that burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by 'substantial evidence.'" Lee, 592 So. 2d at 1038. "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So. 2d 870, 871 (Ala. 1989). Furthermore, when considering a motion for a summary judgment, "the court must view the evidence in the light most favorable to the nonmoving party and must resolve all reasonable doubts against the moving party." Waits v. Crown Dodge Chrysler Plymouth, Inc., 770 So. 2d 618, 618 (Ala. Civ. App. 1999).

However, when a party seeking a summary judgment bears the burden of proof at trial, that party

"'"must support his [or her] motion with credible evidence, using any of the material specified in Rule 56(c), [Ala.] R. Civ. P. ('pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits')."' [Ex parte General Motors Corp.,] 769 So. 2d [903,] 909 [(Ala. 1999) (quoting Berner v. Caldwell, 543 So. 2d 686, 691 (Ala. 1989) (Houston, J., concurring specially))]. '"The movant's proof must be such that he would be entitled to a directed verdict if

> this evidence was not controverted at trial."' Id. In other words, 'when the movant has the burden [of proof at trial], its own submissions in support of the motion must entitle it to judgment as a matter of law.' Albee Tomato, Inc. v. A.B. Shalom Produce Corp., 155 F.3d 612, 618 (2d Cir. 1998) (emphasis added)."

Denmark v. Mercantile Stores Co., 844 So. 2d 1189, 1195 (Ala. 2002).

The parties agree that the facts of this case are undisputed. The materials in the record establish that the property was owned by Gary T. Whitfield, that the ad valorem taxes assessed on the property became delinquent in 2019, and that the property was sold to Ross at a tax sale held on May 3, 2019. Ross thereafter received a tax-sale certificate and began residing in the house situated on the property; he also had the property declared to be his homestead in October 2019. Gary died in January 2020, and Whitfield, who is the personal representative of his estate, began probate proceedings in June 2020. She sought to redeem the property but, because she was unable to recover the property by statutory redemption before the end of the statutory-redemption period, she commenced this action to recover the property by judicial redemption.

Ross argues in this court, as he did in the trial court, that, under § 40-10-82, his actual and adverse possession of the property for more than

three years terminated Whitfield's right of judicial redemption. Section 40-10-82 provides:

"No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; but if the owner of such real estate was, at the time of such sale, under the age of 19 years or insane, he or she, his or her heirs, or legal representatives shall be allowed one year after such disability is removed to bring an action for the recovery thereof; but this section shall not apply to any action brought by the state, to cases in which the owner of the real estate sold had paid the taxes, for the payment of which such real estate was sold prior to such sale, or to cases in which the real estate sold was not, at the time of the assessment or of the sale, subject to taxation. There shall be no time limit for recovery of real estate by an owner of land who has retained possession. If the owner of land seeking to redeem has retained possession, character of possession need not be actual and peaceful, but may be constructive and scrambling and, where there is no real occupancy of land, constructive possession follows title of the original owner and may only be cut off by adverse possession of the tax purchaser for three years after the purchaser is entitled to possession."

Ross relies on the final portion of the final sentence of § 40-10-82 and the dissent authored by Justice Mendheim in <u>Austill v. Prescott</u>, 293 So. 3d 333, 364-78 (Ala. 2019), to support his position that the summary judgment entered in favor of Whitfield is due to be reversed. Specifically, Ross contends that his adverse possession of the property for three years, i.e., between 2019 and 2022, after he was entitled to possession by virtue

of the tax-sale certificate, see Smith v. Cameron, [Ms. SC-2023-0495, Dec. 8, 2023] ___ So. 3d ___, ___ n.3 (Ala. 2023) ("A tax certificate does not vest in the purchaser title to the land but, rather, gives the purchaser a right to possession of the land, subject to the owner's statutory right to redemption."), "cut off" Gary's and Whitfield's constructive possession of the property and barred judicial redemption of the property by Whitfield.

However, Ross ignores the first sentence of § 40-10-82, which allows for judicial redemption "within three years from the date when the purchaser became entitled to demand a deed." (Emphasis added.) Ross was not entitled to demand a deed to the property until three years after the conclusion of the tax sale, see Ala. Code 1975, § 40-10-29; US Bank Trust, N.A. as trustee for LSF8 Master Trust v. Trimble, 296 So. 3d 867, 869 (Ala. Civ. App. 2019) ("Generally speaking, a tax-sale purchaser is entitled to demand a tax deed after the expiration of three years from the date of the sale."), which would have been in May 2022. At the time Whitfield commenced this action in May 2024, the three-year period referred to in the first sentence of § 40-10-82 had not expired.

Before its amendment in 2009, Ala. Code 1975, former § 40-10-82, read as follows:

6

"No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; but if the owner of such real estate was, at the time of such sale, under the age of 19 years or insane, he, his heirs or legal representatives shall be allowed one year after such disability is removed to bring an action for the recovery thereof; but this section shall not apply to any action brought by the state, nor to cases in which the owner of the real estate sold had paid the taxes, for the payment of which such real estate was sold prior to such sale, nor shall they apply to cases in which the real estate sold was not, at the time of the assessment or of the sale, subject to taxation."

In Gulf Land Co. v. Buzzelli, 501 So. 2d 1211, 1213 (Ala. 1987), our supreme court, applying the pre-2009 version of § 40-10-82, determined that possession by the owner was not a prerequisite to judicial redemption and that an owner not in possession of the subject property could judicially redeem the property provided that he or she did so within the three-year limitation period set out in the first sentence of § 40-10-82. Our supreme court held similarly in Karagan v. Bryant, 516 So. 2d 599, 601 (Ala. 1987), in which it stated that "the question of whether [the owner is] in possession at the time he file[s] suit [for judicial redemption] is immaterial under the rule of [Buzzelli]." As we recognized in Ervin v. Amerigas Propane, Inc., 674 So. 2d 543 (Ala. Civ. App. 1995), the Buzzelli court had

7

"held that [former § 40-10-82] does not begin to run until the purchaser is in adverse possession of the land <u>and</u> has become entitled to demand a deed to the land. In order for the short period of [former] § 40-10-82 to bar redemption under § 40-10-83, the tax purchaser must prove continuous adverse possession for three years after he is entitled to demand a tax deed."

674 So. 2d at 544 (quoting <u>Buzzelli</u>, 501 So. 2d at 1213) (emphasis added).

We explained the operation of former § 40-10-82 in <u>McGuire v. Rogers</u>, 794 So. 2d 1131, 1136 (Ala. Civ. App. 2000):

"In <u>Ervin v. Amerigas Propane, Inc.</u>, 674 So. 2d 543 (Ala. Civ. App. 1995), this court set out the rule governing the time limitation for redemption:

"'"The purpose of § 40-10-83 is to preserve the right of redemption without a time limit, if the owner of the land seeking to redeem has retained possession. This possession may be constructive or scrambling, and, where there is no real occupancy of the land, constructive possession follows the title of the original owner and can only be cut off by the adverse possession of the tax purchaser.

"'"Code 1975, § 40-10-82, [establishes] a '"short statute of limitations"' for tax deed cases.

"'"This section states that the redemption action must be filed within three years from the date when the purchaser became entitled to demand a deed for the property. We have held that this statute does not begin to run until the purchaser is in adverse possession of the land and has become entitled to demand a deed to the land. <u>In order for the short period of § 40-10-82 to bar</u>

8

<u>redemption under § 40-10-83, the tax purchaser must prove continuous adverse possession for three years after he is entitled to demand a tax deed.</u> This statute applies to cases where the land is purchased from the State, as well as to instances where the purchase is made from the tax collector."'

"674 So. 2d at 544 (quoting <u>Gulf Land Co. v. Buzzelli</u>, 501 So. 2d 1211, 1213 (Ala. 1987)).

"The defendants labor to distinguish the three-year limitations period in <u>Gulf Land</u> by asserting that [the property owner] cannot redeem under § 40-10-83 because, they say, she was not in possession of the property as required in <u>O'Connor v. Rabren</u>, 373 So. 2d 302 (Ala. 1979). We note that the case-by-case application of § 40-10-83 employed in <u>O'Connor</u> has been displaced by the more recent <u>Gulf Land</u> and its progeny. Moreover, our Supreme Court has applied the rule in <u>Gulf Land</u> to require the purchasers of a tax deed to show that they have maintained continuous adverse possession of the tax-sale property for three years to defeat a right of redemption under § 40-10-83 without regard to possession by the redemptioner. <u>Reese v. Robinson</u>, 523 So. 2d 398 (Ala. 1988). <u>See also</u> <u>Karagan v. Bryant</u>, 516 So. 2d 599 (Ala. 1987). It is undisputed that the defendants had not maintained adverse possession of the tax-sale property for three years before [the property owner] began proceedings to redeem the property. Accordingly, we conclude that the trial court properly determined that [the property owner] was entitled to redeem the property under § 40-10-83."

(Emphasis added.)

The 2009 amendment to § 40-10-82 added two sentences to the statute but left the original language undisturbed. The two new sentences provide:

> "There shall be no time limit for recovery of real estate by an owner of land who has retained possession. If the owner of land seeking to redeem has retained possession, character of possession need not be actual and peaceful, but may be constructive and scrambling and, where there is no real occupancy of land, constructive possession follows title of the original owner and may only be cut off by adverse possession of the tax purchaser for three years after the purchaser is entitled to possession."

Ross relies on the second of those sentences to argue that his possession of the property for three years "cut off" the right in Whitfield to redeem the property.

The last two sentences of § 40-10-82 have not been construed by either this court or our supreme court. We begin by recognizing that

> "the fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Clark v. Houston County Commission, 507 So. 2d 902 (Ala. 1987); Advertiser Co. v. Hobbie, 474 So. 2d 93 (Ala. 1985); League of Women Voters v. Renfro, 292 Ala. 128, 290 So. 2d 167 (1974). In construing the statute, this Court should gather the intent of the legislature from the language of the statute itself, if possible. Clark v. Houston County Commission, supra; Advertiser Co. v. Hobbie, supra; Morgan County Board of Education v. Alabama Public School & College Authority, 362 So. 2d 850 (Ala. 1978)."

10

Pace v. Armstrong World Indus., Inc., 578 So. 2d 281, 283 (Ala. 1991). Furthermore, "[a] statute must be considered as a whole and every word in it made effective if possible." Alabama State Bd. of Health v. Chambers Cnty., 335 So. 2d 653, 654-55 (Ala. 1976). See also Custer v. Homeside Lending, Inc., 858 So. 2d 233, 245 (Ala. 2003) (plurality opinion).

Despite the fact that no Alabama appellate court has construed the current version of § 40-10-82, we are not entirely without guidance. Although our supreme court was not required to determine the impact of the 2009 amendment to § 40-10-82 in Austill v. Prescott, 293 So. 3d 333 (Ala. 2019) (plurality opinion), Justice Mitchell and Justice Mendheim each discussed their respective interpretations of that amended statute in their respective special writings to the main opinion. See Austill, 293 So. 3d at 351 (Mitchell, J, concurring in the result); Austill, 293 So. 3d at 364 (Mendheim, J., dissenting). We set out, in brief, those interpretations below.

In his dissenting opinion, Justice Mendheim explained that, in his opinion, "under the pre-2009 version of § 40-10-82, in order to extinguish the right of redemption there must have been a lack of any possessory

11

interest by the owner <u>and</u> three years of adverse possession by the tax purchaser from the date the tax purchaser was entitled to the tax deed." 293 So. 3d at 375 (Mendheim, J., dissenting). He then posited the impact of the language of the 2009 amendment, stating:

> "The first sentence added into § 40-10-82 by the 2009 amendment provides: 'There shall be no time limit for <u>recovery of real estate</u> by an owner of land who has retained possession.' (Emphasis added.) In other words, the amended version of § 40-10-82 expressly states that there is no statute of limitations on the right of judicial redemption for a property owner who has 'retained possession' of his or her property. The first part of the next sentence then explains the 'character,' or definition, of what constitutes 'retained possession' for purposes of the right of judicial redemption: 'If the owner of land seeking to redeem has retained possession, character of possession need not be actual and peaceful, but may be constructive and scrambling ....' Finally, the remaining portion of the last sentence of the amended statute explains how a tax purchaser can cut off possession from the property owner who is 'seeking to redeem' the property: '[W]here there is no real occupancy of land, constructive possession follows title of the original owner and may only be cut off by adverse possession of the tax purchaser for three years after the purchaser is entitled to possession.'"

293 So. 3d at 377 (Mendheim, J., dissenting).

Justice Mendheim stated that, in his opinion, "[t]he inescapable conclusion from the language added to § 40-10-82 in 2009 is that possession is a prerequisite to the right of judicial redemption of property." 293 So. 3d at 378 (Mendheim, J., dissenting). He then

concluded that, in his opinion, a tax-sale purchaser's adverse possession for a period of three years from the date the tax-sale purchaser was entitled to possession would "cut off" the property owner's possessory interest in the property. He explained that, once a property owner's "possessory interest in the property [is] extinguished, so [is] his right to judicially redeem the property." Id. (Mendheim, J., dissenting).

In contrast, Justice Mitchell, in his special writing concurring in the result in Austill, explained his opinion regarding the application of § 40-10-82, after the 2009 amendment:

> "[A] tax purchaser may cut off the possession of a property owner by adversely possessing the property for three years. But cutting off possession does not, by itself, extinguish the owner's judicial-redemption right. Instead, once the owner's possession is cut off, the owner has three years from the date the tax purchaser became entitled to demand a tax deed to judicially redeem the property. If the right of judicial redemption is not exercised within those three years, then the right is extinguished. Of course, if the owner remains in possession of the property (i.e., the tax purchaser never cuts off the owner's possession), then the owner may redeem at any time."

293 So. 3d at 362 (Mitchell, J., concurring in the result). According to Justice Mitchell, the first sentence of the 2009 amendment to § 40-10-82 "simply creates an exception to the generally applicable limitations period." 293 So. 3d at 361 (Mitchell, J., concurring in the result). He

13

rejected the idea that § 40-10-82 requires a property owner to be in possession of his or her property as a prerequisite to judicial redemption, stating that, "if only owners in possession can exercise judicial-redemption rights, and they have no time limit within which to do so, the three-year limitation period [stated in the first sentence of § 40-10-82] loses all meaning when applied to judicial-redemption actions."  293 So. 3d at 361 (Mitchell, J., concurring in the result).

We agree with Justice Mitchell that, based on the application of the first sentence of § 40-10-82, adverse possession by a tax-sale purchaser for a period of three years after the tax-sale purchaser is entitled to possession cannot extinguish the right of the property owner to judicially redeem the property.  To hold that the possession of the property by a tax-sale purchaser for three years after the tax-sale purchaser became entitled to possession of the property extinguishes the right to judicial redemption does not give any field of operation to the first sentence of § 40-10-82, which permits a property owner, regardless of his or her possession of the real property sold at a tax sale, to judicially redeem that property until the expiration of a three-year period after the tax-sale purchaser is entitled to demand a deed.  We therefore adopt Justice

14

Mitchell's construction of § 40-10-82 as it is set out in his special writing in <u>Austill</u>.

Based on the foregoing, we reject Ross's argument that his possession of the property for more than three years extinguished Whitfield's right to judicially redeem the property. Whitfield commenced her action before the expiration of the three-year period after Ross was able to demand a tax deed for the property. Accordingly, we affirm the judgment of the trial court in favor of Whitfield.

AFFIRMED.

Moore, P.J., and Hanson, Fridy, and Lewis, JJ., concur.